Everette PHILLIPS, Appellee,

v.

F. David MATHEWS, Secretary of Health, Education and Welfare, Appellant.

No. 76–2252.

United States Court of Appeals, Fourth Circuit.

Argued April 6, 1977.

Decided May 10, 1977.

Joan E. Kaehne, Asst. Regional Atty., Dept. of Health, Education and Welfare (Stephanie W. Naidoff, Regional Atty., Dept. of Health, Education and Welfare, Philadelphia, Pa., Paul R. Thomson, U. S. Atty., and Robert S. Stubbs, Asst. U. S. Atty., Roanoke, Va., on brief), for appellant.

Carl E. McAfee, Norton, Va. (Donald E. Earls and Cline, McAfee, Adkins & Gillenwater, Norton, Va., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and CRAVEN * and WIDENER, Circuit Judges.

PER CURIAM:

Under 20 C.F.R. § 410.414(b), promulgated by the Secretary pursuant to statutory authority, a coal miner who demonstrates the existence of a totally disabling chronic respiratory or pulmonary impairment and who has worked 15 years or longer in the coal mines will be presumed, in the absence of evidence to the contrary, to be totally disabled due to pneumoconiosis and to be entitled to special benefits under the Act. In a carefully considered opinion, the district judge discerned ample evidence demonstrating the existence of a chronic respiratory or pulmonary impairment which was so severe as to be disabling for coal mine employment. His recitation of the evidence in the case ends with a mention of Phillips' long career as a coal miner, which the district judge thought to be relevant evidence of "exposure" that should be considered with and related to the medical evidence of record. We agree.

But the Secretary urges that in another portion of his Memorandum Decision the district court utilized an improper application of the 15-year presumption. He held that "[p]roperly applied, the 'fifteen year presumption' serves to enhance the totality of the evidence, relating to the existence of respiratory defect . . .." If the statement means that a 15-year history of coal mine employment gives rise to a *presumption* of a totally disabling respiratory condition, it is incorrect.[1]

We hold that a 15-year presumption of 20 C.F.R. § 410.414(b), which itself derives from 30 U.S.C. § 921(c)(4), does not operate until the trier of fact finds *from other evidence* that the miner suffers from a totally disabling respiratory or pulmonary impairment. To trigger the presumption that a totally disabling respiratory condition is presumed to be pneumoconiosis, there must first be proof of a totally disabling respiratory impairment plus a finding that the miner spent 15 years or more in the mines. Long years of service in the mines is, of course, relevant in determining whether there is a totally disabling respiratory impairment—but 15 years or more in the mines does *not* create any presumption. It is the other way around.

Because it is not clear whether and to what extent an erroneous application of the presumption regulation infected the decision, we vacate the judgment below and remand for the district court to determine anew whether, viewing the record as a

---

* Judge Craven participated in the hearing of this case and concurred in the decision and this opinion, but died before it was printed.

1. The plaintiff depends on a line of cases apparently starting with *Tonker v. Mathews,* 412 F.Supp. 823 (W.D.Va.1976), that apply the 15-year presumption to enhance the totality of the evidence relating to the existence of a totally disabling respiratory disease, rather than to establish the cause of such an impairment once it has been shown to exist by "other evidence." To the extent that *Tonker* and its progeny applied the presumption in such a manner, they were wrongly decided.

whole, the Secretary's denial of benefits is supported by substantial evidence.

*VACATED AND REMANDED.*