**Linkous E. HALE, Appellant,**

v.

**F. David MATHEWS, Secretary of Health, Education and Welfare, Appellee.**

No. 76–1897.

United States Court of Appeals, Fourth Circuit.

Argued March 17, 1977.

Decided June 6, 1977.

Stephen E. Arey, Pulaski, Va. (James W. Harman, Jr., Harman & Harman, Tazewell, Va., on brief), for appellant.

Marianne P. Flood, Legal Asst., Region III, Dept. of H. E. W., Philadelphia, Pa. (Stephanie W. Naidoff, Regional Atty., Fred Marinucci, Asst. Regional Atty., Region III, Dept. of H. E. W., Philadelphia, Pa., Paul R. Thomson, Jr., U. S. Atty., Roanoke, Va., Carr L. Kinder, Jr., Asst. U. S. Atty., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM:

Linkous E. Hale filed for black lung disability benefits on March 15, 1971 under the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. § 901 et seq. [amended in 1972]. Hale is presently 65 years old and has over 30 years coal mining experience.

In a December 3, 1974 determination the Administrative Law Judge denied Hale's claim because the proof made out neither actual, nor presumed pneumoconiosis, nor total disability. An alternate ground for denial was Hale's failure to file a State workmen's compensation claim in compliance with 30 U.S.C. § 923(c).[1] The Appeals Council on March 11, 1975 approved the Administrative Law Judge's opinion, thus making it the final decision of the Secretary.

On review the District Court, finding substantial evidence supporting the Secretary's resolution that Hale did not establish a *totally disabling* pulmonary or respiratory impairment, entered summary judgment for the Secretary April 12, 1976. The Court did not pass on the substantiality of proof in regard to Hale's actual or presumed pneumoconiosis, nor did it reach the question of whether his failure to seek workmen's compensation barred his black lung claim.

Appealing, Hale insists that, as a miner with more than fifteen years experience, he is entitled to a presumption of pneumoconiosis which the Secretary failed to rebut. 30 U.S.C. § 921(c)(4). But his presumption is not accorded until the applicant has been proved totally disabled. Here the Secretary has found him not total-

ly disabled. *Phillips v. Mathews,* 555 F.2d 1182 (4 Cir. 1977). We cannot say the Secretary's denial of black lung benefits fails for want of substantial evidential support.

Finally Hale contends that a filing for workmen's compensation is not required because it would be futile. 30 U.S.C. § 923(c).[2] The Secretary gave him ample opportunity to press the State claim within the statutory time limit, but he persistently declined to do so. Consequently, we are unable to say the Secretary erred in denying benefits on this alternate ground.

With neither error at trial nor insubstantiality of evidence appearing, we affirm the District Court.

Affirmed.

---

1. This section stipulates:

"(c) No claim for benefits under this section shall be considered unless the claimant has also filed a claim under the applicable State workmen's compensation law prior to or at the same time his claim was filed for benefits under this section; except that the foregoing provisions of this paragraph shall not apply in any case in which the filing of a

claim under such law would clearly be futile because the period within which such a claim may be filed thereunder has expired or because pneumoconiosis is not compensable under such law, or in any other situation in which, in the opinion of the Secretary, the filing of a claim would clearly be futile."

2. See note 1 supra.