Daniel MATNEY, Plaintiff,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 75–0656.

United States District Court, W. D. Virginia.

Jan. 31, 1978.

Matthew J. Cody, Jr., Browning, More-field, Schelin, Cody & Arrington, Abingdon, Va., for plaintiff.

Paul R. Thomson, Jr., U. S. Atty., Roanoke, Va., for defendant.

## OPINION AND ORDER

TURK, Chief Judge.

Plaintiff has filed this action challenging the final decision of the Secretary of Health, Education and Welfare denying his claim for "black lung" benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* This court's jurisdiction is pursuant to § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The issues to be decided by this court are whether the Secretary's final decision is supported by "substantial evidence", and if it is, this court must affirm, or whether there is "good cause" to justify remanding the case to the Secretary for further consideration.

The plaintiff, Daniel Matney, was born on March 1, 1921. Mr. Matney testified that he never attended school. Mr. Matney went to work in the Nation's coal mines in 1939. He last worked as a miner in 1971. The evidence reveals that plaintiff worked in excess of 25 years as a coal mining employee. While employed as a miner, Mr. Matney worked primarily as a cutting machine operator. Such work involved expo-sure to great quantities of coal and rock dust. As a result of this exposure, plaintiff now alleges that he had developed a breathing impairment of a nature and severity sufficient to establish entitlement to "black lung" benefits under the Act.

This case is before the court for the second time. The court initially reversed the final decision of the Secretary. The Secretary had determined that Mr. Matney failed to establish total disability due to pneumoconiosis, actual or presumed, which arose out of coal mining employment. Such a showing is the primary requirement for benefits under the Act. 20 C.F.R. § 410.-410. Since plaintiff had established more than ten years of coal mining employment, any pneumoconiosis he established was presumed to have arisen out of coal mining employment. 30 U.S.C. § 921(c)(1). However, the Secretary held that the evidence of record failed to establish that Mr. Matney was totally disabled due to actual or presumed pneumoconiosis. (TR 18).

Upon initial consideration of the case, this court ruled, as a matter of law, that the Secretary had failed to consider plaintiff's claim in accordance with the requirements of the Act. The court determined that there was "substantial evidence" to support the Secretary's finding that the roentgenographic (x-ray) interpretations and ventilatory study results failed to establish the presence of pneumoconiosis as provided under 20 C.F.R. § 410.490(b). However, the court concluded that the Secretary failed to adequately consider the claim under 20 C.F.R. § 410.414(b), which was derived directly from 30 U.S.C. § 921(c)(4). Under 30 U.S.C. § 921(c)(4), it is specifically provided that a miner who demonstrates the existence of a totally disabling respiratory or pulmonary impairment will be presumed to be totally disabled due to pneumoconiosis, if the miner accumulated more than fifteen years of coal mining employment. The presumption can be rebutted only if the Secretary establishes that, in fact, the impairment is not pneumoconiosis or that the impairment did not arise out of coal mining employment.

The court held that Mr. Matney had met the burden of proof under 30 U.S.C. § 921(c)(4) and that the Secretary could not rebut the presumption of totally disabling pneumoconiosis. The court relied on its earlier decision in *Tonker v. Mathews*, 412 F.Supp. 823 (W.D.Va., 1976) in which the history and impact of the "fifteen year presumption" of 30 U.S.C. § 921(c)(4) was fully discussed. The Secretary appealed the court's decision in the instant case to the United States Court of Appeals for the Fourth Circuit, even though no appeal had been noted in *Tonker*. Subsequently, a number of similar cases, including the instant case, were remanded to this court for further consideration in light of the decision in *Phillips v. Mathews*, 555 F.2d 1182 (4th Cir., 1977). In *Phillips*, the Fourth Circuit noted that it was unable to conclude whether this court had made a proper analysis of the fifteen year presumption in *Tonker v. Mathews, supra*.[1]

This court must again conclude that the Secretary has either refused or neglected to give full and adequate consideration to plaintiff's claim under the provisions of 30 U.S.C. § 921(c)(4) and 20 C.F.R. § 410.414. Since this court's decision in *Tonker*, additional case law has been developed. No less than three United States Courts of Appeals have now determined that the Secretary's interpretation of 30 U.S.C. § 921(c)(4) is overly restrictive. In *Ansel v. Weinberger*, 529 F.2d 304 (1976), the United States Court of Appeals for the Sixth Circuit found that the "fifteen year presumption" was raised on the basis of a medical report from a treating physician and lay testimony. More importantly, the Sixth Circuit specifically made this determination despite the fact that the x-ray evidence and ventilatory study values failed to establish the presence of pneumoconiosis. The United States Court of Appeals for the Seventh Circuit reached a similar conclusion in *Henson v. Weinberger*, 548 F.2d 695 (1977). In *Henson*, the court held that the "fifteen year presumption" was raised by a positive medical report provided by plaintiff's personal physician and plaintiff's own testimony concerning the extent of his functional impairment.

The United States Court of Appeals for the Eighth Circuit recently considered the impact of the "fifteen year presumption" in *Bozwich v. Mathews*, 558 F.2d 475 (1977). In *Bozwich*, the claimant had not worked as a miner since 1943. The claimant's x-ray reports and pulmonary function study results failed to establish entitlement under any of the objective criteria. Claimant's treating physician had diagnosed disability due to several causes including chronic bronchitis. Nevertheless, the Eighth Circuit summarized its evaluation as follows:

> Claimant's treating physician diagnosed claimant's condition as chronic bronchitis and found claimant to be totally disabled. Claimant and his wife both submitted evidence showing that his breathing difficulties have resulted in extreme functional limitations. This evidence is sufficient to make out a *prima facie* case of a totally disabling respiratory or pulmonary impairment entitling plaintiff to the rebuttable presumption that such disability was due to pneumoconiosis. See *Henson v. Weinberger*, 548 F.2d 695, 698–99 (7th Cir., 1977). The negative x-ray readings and ventilatory function studies were insufficient to establish that claimant is not entitled to the presumption. *Id.* at 699. 558 F.2d at 480.

The United States Court of Appeals for the Fourth Circuit recently cited *Bozwich*, with

---

1. The Fourth Circuit read *Tonker* to mean that this court had ruled that the presumption was raised merely through a showing of fifteen years of coal mining employment. This court regrets any misunderstanding. Obviously, the presumption is raised only through evidence of a totally disabling chronic respiratory or pulmonary impairment. The court also notes that the Secretary has continued to object to the language in *Tonker* to the effect that the crite-ria of 20 C.F.R. § 410.414(b) serve to "enhance the totality of the evidence". The court readopts such language. Most of the regulatory criteria for pneumoconiosis employ specific standards. However, under 20 C.F.R. § 410.-414(b), *all evidence* of record is considered simultaneously. Perhaps it is best to observe that only under 20 C.F.R. § 410.414 is the evidence required to be considered in its totality.

approval, in an unpublished case styled *Pannell v. Califano*, Number 77–2095 (January 10, 1978).[2] In *Pannell*, the Fourth Circuit also recognized that non-qualifying ventilatory studies do not serve to prohibit a finding of entitlement to the "fifteen year presumption".

■ Obviously, the Secretary may not consider negative x-rays or ventilatory studies to be conclusive for either the denial of application of the "fifteen year presumption" or the rebuttal of the presumption once it has been established. Otherwise, the criteria of 30 U.S.C. § 921(c)(4) would be rendered meaningless. If a claimant is to be denied application of the "fifteen year presumption" on the basis of the same evidence upon which his claim was denied under the remaining regulatory criteria, why have a "fifteen year presumption"?[3] Of course, it is important to note whether non-qualifying ventilatory studies reveal normal or reduced spirometric measurements. However, it is of absolutely no significance for purposes of 30 U.S.C. § 921(c)(4) that x-rays and ventilatory studies fail to meet the objective criteria of 20 C.F.R. § 410.-490(b).

Despite the simplicity of the proposition, many Administrative Law Judges assigned to "black lung" claims are either reluctant or unable to understand the test to be applied. In an opinion eventually adopted as the final decision by the Secretary in the instant case, an Administrative Law Judge dismissed Mr. Matney's entitlement to the "fifteen year presumption" as follows:

> The other relevant evidence does not establish that this claimant has a chronic respiratory or pulmonary impairment, the severity of which in and of itself, would have prevented him not only from doing his previous coal mine work, but also, considering his age, his education, and work experience, prevented him from engaging in comparable and gainful work.

Dr. Sutherland and Dr. Meyer W. Jacobson both found in their opinion, by chest x-ray the presence of emphysema. The pulmonary function [ventilatory] studies would not indicate that any emphysema which this client might have is of such a severe nature as to render him totally disabled. The values of the tables contained in the interim criteria for pulmonary function [ventilatory] tests were purposely set very liberally, yet this claimant shows values which are in excess of the table. [TR 17].

■ The court must conclude that the final decision of the Secretary is not supported by "substantial evidence". Moreover, a review of the evidence in this case clearly reveals that Mr. Matney suffers from a totally disabling chronic respiratory impairment which must be presumed to be pneumoconiosis, pursuant to 30 U.S.C. § 921(c)(4). On May 25, 1972, Dr. Paul Odom conducted a general medical evaluation. Dr. Odom noted a history of progressive shortness of breath. The doctor observed an increased chest diameter with diminished expansion of the chest wall on respiration. Breath sounds were described as distant and coarse. On the basis of his physical examination, Dr. Odom concluded that "Mr. Matney is disabled for arduous labor and work in a dusty environment". (TR 84). Mr. Matney's personal physician, Dr. Robert Baxter, completed general medical reports dated January 24, 1973 and January 27, 1973. Dr. Baxter described a history of chronic cough and shortness of breath. Upon observation of plaintiff's chest, Dr. Baxter commented as follows:

> Emphysematous with increase in AP diameter. Distant heart and breath sounds. Coarse expiratory rhonchi in lower ⅓'s of chest. Retraction of interspaces, upper 6 interspaces bilaterally. (TR 92).

---

**2.** Unpublished cases are cited for the purpose of assisting the Secretary in making proper analyses in future "black lung" claims.

**3.** In actuality, the "fifteen year presumption" was designed by Congress to liberalize the ave-

nues by which miners of long duration might establish entitlement to "black lung" benefits. *Henson v. Weinberger*, 548 F.2d 695 (7th Cir., 1977); *Bozwich v. Mathews*, 558 F.2d 475 (8th Cir., 1977).

Dr. Baxter also noted spooning and clubbing of a moderate degree in the nailbeds. Among other conditions, Dr. Baxter diagnosed chronic lung disease with coalworkers' pneumoconiosis and pulmonary emphysema. Dr. Baxter opined that Mr. Matney is disabled for coal mining employment. Dr. Baxter also noted, on the basis of his earlier treatment of plaintiff, that Mr. Matney's respiratory condition preceded the onset of an arteriosclerotic heart impairment.

On December 4, 1974, Dr. W. J. Boyd completed an arterial blood gas study. The testing produced values which are indicative of a substantial impairment in oxygen transfer.[4] Dr. Boyd's blood gas test clearly corroborates earlier evidence of record. The court also notes that while the ventilatory studies of record failed to produce values sufficiently reduced to meet the criteria of 20 C.F.R. § 410.490(b), the spirometric measurements were well below the predicted average. Indeed, Mr. Matney's own testimony was strongly indicative of the existence of a lung condition which is productive of substantial functional limitations. Finally, plaintiff's long career as a coal miner in itself constitutes relevant evidence of exposure to coal dust, which must be considered with and related to the medical evidence of record. *Phillips v. Mathews, supra.* In short, the court must determine that the evidence of record establishes a *prima facie* case as provided under 30 U.S.C. § 921(c)(4).

■ While plaintiff is presumed to be totally disabled due to pneumoconiosis, the presumption might be rebutted if the Secretary could establish that the impairment is not pneumoconiosis or that the impairment did not in fact arise out of coal mining employment. This court previously held that the presumption could not be rebutted, citing *Tonker v. Mathews, supra.* Upon reconsideration, the court notes that the

medical evidence in "black lung" cases has become more complex and technically oriented since the decision in *Tonker.* Such a development was foreseen by Congress. See 20 C.F.R. § 410.490(a). The practical effect is that an evaluation of the evidence for rebuttal purposes now portends a much more technical and complicated factual analysis. Such an analysis is beyond both the role and the competence of this court. See *Bledsoe v. Mathews,* Number 76–2413 (4th Cir., January 9, 1978). Consequently, the court finds "good cause" for remand of the case to the Secretary for the *sole purpose* of determining whether the presumption of 30 U.S.C. § 921(c)(4) can be rebutted.

### SUMMARY AND CONCLUSION

■ The Secretary's denial of "black lung" benefits is not supported by "substantial evidence". The evidence of record establishes a *prima facie* case of entitlement to the presumption of totally disabling pneumoconiosis as provided under 30 U.S.C. § 921(c)(4). The final decision of the Secretary is hereby modified accordingly. Inasmuch as significant factual issues remain to be resolved, the court finds "good cause" for remand of the case to the Secretary for further development. 42 U.S.C. § 405(g). It is so ORDERED. Upon remand, the *sole issue* to be resolved will be whether the presumption of totally disabling pneumoconiosis can be rebutted pursuant to the provisions of 20 C.F.R. § 410.414(b)(2). The burden of going forward with the evidence rests with the Secretary. *Prokes v. Mathews,* 559 F.2d 1057, 1060 (6th Cir., 1977). If the Secretary is unable to resolve the issue favorably to plaintiff on the basis of the record as currently developed, plaintiff will be granted a supplemental evidentiary hearing on request.[5] Both sides will be

---

4. The Secretary would argue that the blood gas study is of no value since the presence of actual pneumoconiosis has not been established. See Appendix to Subpart D of the Administrative Regulations No. 10. However, under 20 C.F.R. § 410.414, it is specifically noted that blood gas studies are one element of the "other relevant evidence" to be considered for purposes of the "fifteen year presumption".

5. Given the subjective nature of the question involved, both sides are reminded that, as a matter of law, great weight must obviously be given to the reports of doctors who have *regularly treated* plaintiff or, in the alternative, to reports or testimony of doctors who have *personally examined* plaintiff.

afforded the opportunity to present additional medical reports and testimony.

The clerk is directed to send a certified copy of this opinion and order to the counsel of record.