767 F.2d 921
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BEATRICE SEALS, ADMINISTRATRIX OF THE ESTATE OF HUBERT
SEALS, PLAINTIFF-APPELLANT,
v.
MARGARET M. HECKLER, SECRETARY OF HEALTH AND HUMAN SERVICES,
DEFENDANT-APPELLEE.
 NO. 84-5876
 United States Court of Appeals, Sixth Circuit.
 6/25/85
 
 E.D.Ky.
 VACATED AND REMANDED
 On Appeal from the United States District Court for the Eastern District of Kentucky
 Before: MERRITT and KENNEDY, Circuit Judges; and PHILLIPS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from the order of the District Court affirming the Secretary's denial of black lung benefits. Hubert Seals filed an application for black lung benefits on August 22, 1972. His claim was denied initially and upon reconsideration, whereupon he filed a request for a hearing on March 11, 1974. Benefits were denied by hearing decision dated April 11, 1975. On July 3, 1975, claimant filed the instant action in the District Court. After briefing, Mr. Seals died, and on May 14, 1980, his widow and administratrix of his estate, the appellant herein, was substituted as plaintiff. On August 13, 1984, the U.S. Magistrate to whom the case was referred issued his Report and Recommendation, recommending affirmance of the Secretary. On September 4, 1984, the District Court adopted the Magistrate's Report and Recommendation.
 
 
 2
 Mr. Seals was born May 4, 1913, and worked in coal mining approximately 39 years. He worked inside the mines until 1972, when he was given a lighter outside job. He ceased working permanently after suffering a stroke in 1972. He testified that prior to suffering his stroke, he had begun to suffer breathing problems, including excessive coughing, shortness of breath upon exertion, and smothering at night. At the time of his hearing, he was receiving disability insurance benefits based upon a finding that he became disabled on July 5, 1972, due to cerebral atteriosclerosis.
 
 
 3
 Of particular significance is the May 18, 1973, report of Dr. Schosser, a general practitioner and certified reader of chest x-rays. Dr. Schosser interpreted a July 19, 1972, chest x-ray film as 'suggest[ing] CMP,' 2/1 profusion, q size. He assessed the severity of claimant's respiratory impairment as 'no serious pulmonary disease clinically.' The July 19, 1972, x-ray was reread by Drs. Rosenstein and Furnary. Both interpreted it as negative for pneumoconiosis.
 
 
 4
 The ALJ concluded that '[t]here is little doubt that the claimant is totally disabled from multiple ailments which include the residuals of a cerebral accident. We must determine, however, if the miner is disabled because of a pulmonary impairment alone.' He found that '[t]he claimant does not have a pulmonary impairment which, in the absence of other physical conditions, would be considered totally disabling . . . as is contemplated in Section 410.426 . . ..' The ALJ did not discuss the interim presumption of 20 C.F.R. Sec. 410.490 applicable to claims filed before July 1, 1973. He rejected Dr. Schosser's x-ray reading, apparently on the basis of the two subsequent negative readings.
 
 
 5
 Reviewing this decision, the Magistrate reasoned that '[t]he x-rays submitted in connection with his claim are, at least insofar as the Secretary is concerned, negative for penumoconiosis. Thus, it was the Secretary's duty to determine whether Seals satisfied the remaining element of Section 921(c)(4), . . . by showing that he was affected by a totally disabling pulmonary impairment.' The Magistrate concluded that the fact that Seals worked around the mines until suffering his stroke in 1972, that he was receiving disability benefits based upon this condition, and that Dr. Schosser's report assessed the severity of his respiratory impairment as not serious, constituted substantial evidence that Seals was not totally disabled by a pulmonary impairment.
 
 
 6
 This Court's review of the Secretary's decision is limited to whether it is supported by substantial evidence and whether the correct legal criteria were employed in the decision-making process. Haywood v. Secretary of Health and Human Services, 699 F.2d 277, 285 (6th Cir. 1983). Failure to apply the correct legal standard or to provide the reviewing court with a sufficient basis to determine that the correct legal principles have been followed necessitates a remand to the Secretary for further finding. Schaaf v. Matthews, 574 F.2d 157, 160 (3d Cir. 1978); Phillips v. Mathews, 555 F.2d 1182, 1183-84 (4th Cir. 1977).
 
 
 7
 The Secretary concedes that the appellant was entitled to have the instant claim evaluated under 20 C.F.R. Sec. 410.490. Although the Secretary disputes whether the evidence was sufficient to invoke the interim presumption, or whether, if invoked, the presumption was not rebutted, she suggests that '[i]n the interest of justice, . . . a remand to the district court for evaluation under Sec. 410.490 would be appropriate.' Appellant, however, contends that the claimant was entitled to an award of benefits based upon both the interim presumption and the Sec. 921(c)(4) statutory presumption.
 
 
 8
 Dr. Schosser's interpretation of the July 19, 1972, chest x-ray, would appear sufficient to trigger the Sec. 410.490(b) interim presumption under subsection (1)(i). This Court has held that a single positive x-ray reading triggers the interim presumption as a matter of law when it is uncontradicted by prior readings, and that negative rereadings of the same x-ray do not constitute substantial evidence to rebut the presumption. Lawson v. Secretary of Health and Human Services, 688 F.2d 436, 438-39 (6th Cir. 1982); Dickson v. Califano, 590 F.2d 616 (6th Cir. 1978). We have also held once the interim presumption has been invoked under one medical criterion, it may not be rebutted by negative test results under another. Haywood, 699 F.2d at 285; accord Whicker v. United States Department of Labor Benefits Review Board, 733 F.2d 346, 348 (4th Cir. 1984).
 
 
 9
 There is evidence in the record, such as that cited by the Magistrate as substantial evidence rebutting the Sec. 921(c)(4) presumption of the existence of a totally disabling pulmonary impairment, which may be equally sufficient pursuant to Sec. 410.490(c)(2) to rebut the interim presumption as well. However, neither this Court not the District Court may abrogate the Secretary's function as trier of fact, Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981), by affirming the Secretary's decision not to award benefits by resolving a factual issue never addressed by the Secretary. Kane v. Matthews, 583 F.2d 878, 881 (3d Cir. 1978). Therefore, it is appropriate that the order of the District Court be vacated and that this case be remanded to the District Court with instructions to remand to the Secretary for consideration under 20 C.F.R. Sec. 410.490.*
 
 
 10
 IT IS SO ORDERED.
 
 
 
 *
 We affirm the District Court's finding that the Secretary's denial of benefits under Sec. 921(c)(4) was supported by substantial evidence