**Harry E. SCHALL, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare of the United States of America, Defendant.**

**Civ. No. 66–81W.**

United States District Court
D. South Dakota,
Western Division.

Jan. 15, 1970.

Costello, Porter, Hill, Banks & Nelson, Rapid City, S. D., for plaintiff.

William F. Clayton, U. S. Atty., Sioux Falls, for the Government.

DECISION

BECK, District Judge.

This is an action designated in the complaint as an appeal from a decision of the Referee in a proceeding initiated by the United States Department of Health, Education and Welfare, holding the

plaintiff not totally and permanently disabled within the Social Security Act.

 Generally, in this case under the 1965 amendment to the Act, it is the plaintiff's position of it being a new case which as the record stands can be sustained on alleged newly discovered evidence, or as an appeal from the earlier decision by the Referee in the 1963 proceedings which on appeal from a decision by the Referee against the plaintiff was affirmed.

As for the newly discovered evidence theory, suffice it to say that it is without any merit since it actually is no more than a repeating of that which had been used in 1960 and 1963, except for another medical report, not in substance different from the testimony the Referee had heard before and in no manner of a kind which would measure up to evidence meeting a definition of *"newly discovered"*, (emphasis supplied).

Hence, a situation in this case showing the evidence and the issues in the earlier proceedings to have been the same as here and the matter reaching a res judicata status, as the plaintiff following the notice from the Appellate Council on May 25, 1965, within sixty days thereof, failed to follow through on his administrative remedy by commencing an action in the United States District Court. 42 U.S.C.A. § 401 and § 405(g).

 Ingeniously and against such dispositive effect on the plaintiff's claim, it is urged that *"res judicata"* is an affirmative defense and not having been alleged in the Government's answer it can not later be raised. The short answer to that contention is this, that the parties agreed on all of the 1960 and 1963 proceedings and what is now before the court in this case as the record for this decision and that the plaintiff in that process waived whatever in the way of merit on that point he otherwise might have had.

 The plaintiff, nevertheless, claims a foothold for his case under the 1965 amendment since the period of du-

ration of disability in the amending process was only for a period of twelve months, overlooking, however, as he did that the qualifying period expiring March 31, 1963 remained the same and that his rights at this time by reason thereof could not be changed but are now exactly as they were after the expiration of sixty days from May 25, 1965.

This decision will stand as the court's findings of fact and conclusions of law.

Accordingly, judgment for a dismissal of the proceedings on its merits, with the form thereof to be prepared by counsel for the Government, forthwith be submitted to the court for approval and entry.