**Edith E. CHRISTOPHER, Appellant,**

v.

**Robert W. FINCH, Secretary of Health, Education and Welfare.**

**No. 19415.**

United States Court of Appeals, Third Circuit.

Submitted on Briefs Dec. 6, 1971.

Decided Jan. 11, 1972.

Benjamin Levin, Community Legal Services, Philadelphia, Pa., for appellant.

J. M. Miller, Asst. U. S. Atty., Philadelphia, Pa. (Louis C. Bechtle, U. S. Atty., on the brief), for appellee.

Before HASTIE, ALDISERT and JAMES ROSEN, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM:

This appeal from summary judgment in favor of the Secretary of Health, Education and Welfare in an action brought pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) contends that the Secretary erred in not finding appellant qualified for agency payments, that the agency denied appellant a full opportunity to present her claim, and that the district court erred (a) in granting summary judgment, and (b) in not granting summary judgment in her behalf and remanding the cause to the Secretary. Alternatively, she asks that the judgment be vacated and the proceedings remanded to the Secretary for the purpose of receiving additional medical evidence at a hearing. We will grant the alternative relief.

Appellant argues that a remand is proper because additional medical evidence is available from a Dr. R. Middleton Frazier, Jr., suggesting a diagnosis of "acute anxiety state with depressive reaction" and "anxiety state with psychophysiological reaction." A reviewing court has authority under § 205(g), on good cause shown, to order additional evidence taken at the agency level. Moreover, the Secretary has indicated that he has no objection to a remand for the purpose of receiving appellant's additional medical evidence.

In addition, appellant urges this court to order the immediate payment of benefits, arguing that such action is appropriate where a claimant's case is strong and the Secretary has not affirmatively countered it, and where there has existed a long time interval between the loss of employment and the filing of the claim. An independent review of the record does not convince us that we should order payment of benefits prior to additional agency action.

The judgment of the district court, 317 F.Supp. 1101, will be vacated with the direction to remand the proceedings to the Secretary to afford appellant the opportunity to present additional medical evidence.