Maxie **LAWSON**

v.

Caspar **WEINBERGER**, Secretary of Health, Education and Welfare.

**C. A. No. 75–0067–A.**

United States District Court, W. D. Virginia.

July 11, 1975.

Carl E. McAfee, Norton, Va., for plaintiff.

Carr L. Kinder, Jr., Asst. U. S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION
## and ORDER

TURK, Chief Judge.

Plaintiff has filed this suit challenging the final decision of the Secretary of Health, Education, and Welfare denying her claim for widow's benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* Jurisdiction is pursuant to § 413(b) of the Act, 30 U.S.C. § 923(b) which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The only issue to be decided by this court is whether the Secretary's final decision is supported by "substantial evidence," and if it is this court must affirm.

Plaintiff's deceased husband William R. Lawson worked in various capacities in the Nation's coal mines for approximately 34 years. Mr. Lawson died on the job in October, 1962 when his jeep hit and crushed him upon the apparent failure of its emergency brake. At the time of his death, Mr. Lawson worked as a general foreman for Clinchfield Coal Company. Prior to attaining this position, the deceased worked for approximately nine years in other supervisory capacities for Clinchfield as well as other mining companies. Mr. Lawson spent the earlier portion of his mining career as a general laborer, working for a significant period as a coal loader.

█ Since Mrs. Lawson meets all the personal eligibility requirements for a widow seeking benefits under the Act, the only possible area of contention concerns the medical condition of Mr. Lawson at the time of his death. Plaintiff has the burden to produce evidence establishing (1) that the deceased miner was entitled to benefits at the time of his death or (2) that he died before January 1, 1974, and was totally disabled due to pneumoconiosis at the time of his death, or (3) that his death was due to pneumoconiosis. (20 C.F.R. § 410.210). Mr. Lawson had not established entitlement to benefits prior to his death. Furthermore, Mr. Lawson did not die as a result of a lung condition nor was he afflicted with such a complicated stage of pneumoconiosis as to give rise to an irrebuttable presumption of death due to the disease. (20 C. F.R. § 410.458). Consequently, the relevant inquiry concerns whether Mr. Lawson was totally disabled due to pneumoconiosis at the time of his death.

The Secretary concedes that the medical evidence of record establishes that Mr. Lawson suffered from pneumoconiosis which would normally be presumed totally disabling under the criteria of 20 C.F.R. § 410.490(b)(1)(i). (TR 12). However, 20 C.F.R. § 410.490(c)(1) provides for rebuttal of such presumption when it is established that the deceased miner was *"doing his usual coal mine work* or comparable and gainful work" at the time of his death.

In an opinion adopted as the final decision by the Secretary, the Administrative Law Judge denied benefits, stating in part that since Mr. Lawson was still working at the time of his accidental death, he could not have been totally disabled due to pneumoconiosis. While generally adhering to such an analysis, this court has previously recognized two special circumstances which serve as exceptions to the stated rule. *Rowe v. Weinberger,* 400 F.Supp. 981 (W.D.Va., 1975). A miner who, at the time of his death, was employed in only a "make shift" capacity cannot be described as having been engaged in the performance of his "usual coal mine work." Coal mine operators often provide such "make shift" jobs to employees who have given many years of useful work but who have been largely incapacitated due to a breathing impairment. The other exception involves the miner who continued to hold his usual job but whose work attendance record became so spotted with absences just before his death as to indicate a practical end of his productivity. However, in the case of William Lawson, neither of these exceptions can be applied.

There is no evidence of record to suggest that Mr. Lawson's last position of general mine foreman was of a "make shift" variety. For almost a decade prior to his death, Mr. Lawson was employed in a supervisory capacity. His completion of high school indicates a formal educational background much superior to the average miner. Furthermore, the deceased had many years of practical experience. It appears that Mr. Lawson held the position of general mine foreman because of his obvious qualifications and skills. The fact that the deceased may not have been physically capable of doing manual labor does not alter the circumstance that his "usual work" was as a supervisor.

There is also insufficient evidence to demonstrate that Mr. Lawson's work record was overly sporadic just prior to his death. Plaintiff estimated that her husband missed only one week of work in the last year of his life as a result of breathing difficulties. (TR 37).

Plaintiff argues that strict adherence to the administrative regulations in such a case as this produces an arbitrary and capricious result. She notes that had her husband quit working and applied for benefits under the Act just before his death, his medical condition would have in all probability entitled him to an award under the presumption of § 410.-490.

■ This argument overlooks the principal motivation behind the interim guidelines. The presumptions of total disability due to pneumoconiosis merely simplified the burden of proof for qualified living miners while providing a method for expediting the processing of a large backlog of claims. [20 C.F.R. § 410.490(a)]. Even those presumptions may be rebutted in appropriate cases thus maintaining the concept of disability as a subjective and individual condition. Mrs. Lawson's burden of proof involves a common disability standard. Such a burden is within the intent of the Act and is not overly unreasonable.

■■ This court may not substitute its judgment if the Secretary's decision is supported by "substantial evidence." *Laws v. Celebreeze,* 368 F.2d 640 (4th Cir., 1966). The court is constrained to conclude that a reasonable mind would find sufficient evidence in this case to support the conclusion of the Secretary. Accordingly, the final decision of the Secretary denying an award of widow's benefits is affirmed.