**Florentino PEREZ, Plaintiff,**

v.

**David MATHEWS, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. No. S-74-675.**

United States District Court, E. D. California.

March 24, 1976.

Panattoni & Farrell, Sacramento, Cal., for plaintiff.

Richard W. Nichols, Chief Asst. U. S. Atty., Sacramento, Cal., for defendant.

## MEMORANDUM AND ORDER

WILKINS, District Judge.

This is a judicial review of the final decision of November 8, 1974, of the Secretary of Health, Education, and Welfare, 42 U.S.C. § 405(g), denying plaintiff's claim for continuing disability insurance benefits. Plaintiff initially applied for benefits on May 18, 1973, alleging that he became unable to work on January 22, 1972. After a hearing, an administrative law judge allowed benefits from January 22, 1972 until September 30, 1973. That decision was affirmed by the Appeals Council and the decision of the Secretary has now become final.

The plaintiff has moved for summary judgment, F.R.Civ.P. 56(b), and the defendant has responded with a cross motion for summary judgment.

■ The sole issue before the Court on review is whether the record contains substantial evidence to support the decision of the Secretary. *Chavies v. Finch*, 443 F.2d 356 (9th Cir. 1971); *Rhinehart v. Finch*, 438 F.2d 920 (9th Cir. 1971). Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and it must be based on the record as a whole. *Richardson v. Perales*, 402 U.S. 389, 400, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1971); *Celebrezze v. Bolas*, 316 F.2d 498, 501 (8th Cir. 1963).

A claimant is eligible for Social Security benefits if he is under a "disability". 42 U.S.C. § 423(a)(1)(D). This term is defined in both 42 U.S.C. § 416(i)(1)(A) and 42 U.S.C. § 423(d)(1)(A) to mean:

. . . inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . . .

Title 42 U.S.C. § 423(d)(2)(A) provides that:

. . . an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

The term "period of disability" is defined by Title 42 U.S.C. § 416(i)(2)(A) as:

. . . a continuous period . . . during which an individual was under a disability . . . but only if such period is of not less than five full calendar months' duration or such individual was entitled to benefits under section 423 of this title for one or more months in such period.

■ These statutes place the burden of proof on the plaintiff to establish his entitlement to benefits. *Seitz v. Secretary*, 317 F.2d 743 (9th Cir. 1963). This burden shifts to the government only when the plaintiff makes "a showing of inability to return to his former work, and the record does not otherwise contain any evidence of [plaintiff's] ability to engage in substantial gainful work." *Meneses v. Secretary*, 143 U.S.App.D.C. 81, 442 F.2d 803, 806 (1971).

■ In order to meet his burden of proof the plaintiff must show that he has a "physical or mental impairment," which is defined in 42 U.S.C. § 423(d)(3) as:

. . . an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

A review of the record reveals that plaintiff has a seventh grade education and has worked as a construction laborer doing tasks such as pouring concrete. On January 22, 1972, plaintiff was involved in a car accident which gives rise to his present complaints. Plaintiff alleges disability as a result of shortness of breath, abdominal pain, and seizure disorder. Plaintiff further objects to the failure of the Secretary to require, request and consider additional medical evidence relating to plaintiff's alleged seizure disorder.

Plaintiff was hospitalized after the automobile accident and that is what caused the Secretary to find a disability for the time period from January 22, 1972 through September 30, 1973. The basis of the Secretary's decision to terminate benefits was plaintiff's ability to return to work. The objective evidence that was before the administrative law judge concerned the shortness of breath and the abdominal pain. Pulmonary studies and a chest X-ray were conducted at the Sacramento Medical Center after Stanley W. Ruggles, M.D., an internist, suggested that they be done. The pulmonary studies failed to show any significant decline in pulmonary function, and the X-ray was also normal. In his letter dated December 20, 1973, Dr. Ruggles says he is at a loss to explain plaintiff's shortness of breath, that there are no clinical findings to support plaintiff's claim, and that it is also difficult to see how the alleged disability relates to the automobile accident.

■ There is absolutely no objective evidence in this record that supports plaintiff's claim that he is suffering abdominal pain. 20 C.F.R. 404.1501(c) provides in part:

"Statements of the applicant, including his own description of his impairment (symptoms) are, alone, insufficient to establish the presence of a physical or mental impairment." This regulation has been cited with approval in *Sorenson v. Weinberger*, 514 F.2d 1112 (9th Cir. 1975). The same regulation is equally applicable to the complaint of shortness of breath.

In his memorandum, plaintiff emphasizes his seizure disorder. In that regard, two problems are presented. The first problem is plaintiff's allegation that the Appeals Council should have required evidence relating to the seizure disorder. A brief history of this disorder would be appropriate. Plaintiff indicates that he had this disorder ever since he was seven years old and that it disappeared when he was thirty-two. After the accident the disorder reappeared. However, during a year and a half of medical attention at the Sacramento Medical Center, the plaintiff never reported this problem to the doctors. Nor did the plaintiff raise this problem at the administrative hearing. The possibility of a seizure disorder first arose in the report of Dr. Loofbourow, who is not a neurologist. Thus, on July 31, 1974, Dr. Summers suggested that a neurologist examine the plaintiff. Plaintiff has submitted, along with his memorandum, a letter from Dr. Ansel, a neurologist, dated February 11, 1975.

■ With regard to plaintiff's first contention, that the Appeals Council failed to consider all of the evidence, the Court finds it to be without merit. On July 3, 1974, plaintiff sought, and received, a thirty day extension in order to submit additional information. On August 2, 1974, after Dr. Summer's suggestion, plaintiff requested additional time to get a neurologist's report. On September 16, 1974, the Appeals Council responded allowing plaintiff an additional 20 days. Thus, plaintiff had a total of 65 days from August 2, 1974, to submit the additional information. It is not the duty of the Appeals Council to prove plaintiff's disability for him. The burden is on the plaintiff in this regard. *Seitz v. Secretary*,

317 F.2d 743 (9th Cir. 1963). Substantial evidence had been submitted to the administrative law judge and plaintiff had received two lengthy extensions of time. The decision of the Appeals Council was not dated until November 8, 1974. When no evidence was submitted within the time allotted, and when plaintiff failed to seek an additional extension, the Appeals Council acted properly when it decided plaintiff's claim.

There is an additional reason why plaintiff's claim must fall. Assuming, arguendo, that the Appeals Council should have waited for Dr. Ansel's report, the report does not aid the plaintiff. In his letter, Dr. Ansel states that an E.E.G. administered on May 1, 1974, failed to reveal any "electrical evidence" of "seizure activity." Dr. Ansel mentions no clinical evidence of a seizure disorder and the E.E.G. fails to indicate any seizure activity. The doctor merely states that he has no reason to disbelieve plaintiff's history of seizure disorder and based upon that belief he decided that plaintiff should "not drive a car, work at any heights, or work with dangerous equipment or machinery." This opinion is not based upon medically acceptable diagnostic techniques. 42 U.S.C. § 423(d)(3). Additionally, the facts of the present case would show that the doctor's recommendations have no applicability to a question of disability. Plaintiff does not drive a car and his own testimony indicates that he has never worked with heavy machinery as a construction worker. Also, plaintiff, by his own statements, indicates that he had the seizure disorder up until he turned thirty-two. If that is the case, then plaintiff must have had the alleged disorder while he was working construction. If it did not interfere with his work at that time, it is difficult to say that it impairs him now.

As a final point, the Court is of the opinion that the newly submitted evidence would not support a decision to remand. While plaintiff has not raised this point, if the evidence would support a remand the Court would order one. To support a remand the plaintiff must show that the new evidence might change the decision of the Secretary; *Lucas v. Finch*, 322 F.Supp. 1209 (S.D.W.Va.1970). Plaintiff has not, for the reasons stated above, made such a showing.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment be, and the same is, hereby denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment be, and the same is, hereby granted.