**Ann B. HICKS**

v.

**F. David MATHEWS, Secretary, Department of Health, Education and Welfare.**

**Civ. No. K–76–117.**

United States District Court,
D. Maryland.

Sept. 15, 1976.

Gordon S. Berman, Baltimore, Md., for plaintiff.

Jervis S. Finney, U. S. Atty., Virginia S. Draper, Asst. U. S. Atty., Baltimore, Md., for defendant.

**FRANK A. KAUFMAN**, District Judge.

The record in this Social Security review case discloses that there are facts plus reasonable factual inferences which add up to substantial evidence supporting the findings of fact by the Administrative Law Judge. In that regard, the present state of the record includes substantial evidence that plaintiff is not disabled, within the meaning of the applicable federal statute, due to high blood pressure, and/or any other emotional, psychiatric or physical problems, conditions or ailments. On remand, which will be ordered for the two reasons set forth *infra*, further exploration and supplementation of the record may or may not permit such a conclusion. But at this juncture of the case, this Court is not ready to shut the door in the Government's face, and on the present record reverse and order judgment entered for plaintiff, as was done in *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975); *Breeden v. Weinberger*, 493 F.2d 1002 (4th Cir. 1974); *Hernandez v. Weinberger*, 493 F.2d 1120 (1st Cir. 1974). Accordingly, the reversal—and entry of judgment in favor of plaintiff—sought by plaintiff may not be obtained herein.

Plaintiff was not represented by counsel at her administrative hearing. Nor was she represented in connection with her appeal to the Appeals Council. She is, however, represented in this Court by counsel who has submitted a 41-page memorandum which includes, in-depth, perceptive factual and legal discussion which has proven most helpful to this Court. Nevertheless, this Court is unable to accept certain of the contentions set forth in that memorandum. For example, this Court does not agree that the administrative hearing was so unfair that a remand is required for that reason alone. However, plaintiff has submitted to this Court certain additional relevant and material evidence which was either not available, or, whether or not it was available, was not presented to, and in any event

was seemingly not taken into account by, the Administrative Law Judge or by the Appeals Council. That additional evidence, which includes copies of reports from three mental hospitals, when weighed and considered with all of the other evidence in the case, may well lead the fact finder to conclude that plaintiff is disabled within the meaning of the applicable statute. A remand so that such evidence may be received and weighed by the fact finder is within the discretion of this Court and will therefore be ordered. Such evidence constitutes "good cause" for remand under 42 U.S.C. § 405(g). *See Huckabee v. Richardson*, 468 F.2d 1380 (4th Cir. 1972); *Webb v. Finch*, 431 F.2d 1179 (6th Cir. 1970); *Story v. Richardson*, 356 F.Supp. 1182 (E.D.Tenn. 1973).

Plaintiff's contentions herein, based upon the existing record, are at worst borderline. They are not by any means weak. But they do not *compel* a judgment for plaintiff in view of the history of plaintiff's work and living experiences and habits, the medical (including the psychiatric) facts, and the expressions of medical and psychiatric opinion. Nor is plaintiff the kind of person who is so emotionally handicapped and so "out of it" that she *per se* is entitled to be provided with counsel free of charge to her, and who, without such representation, is unable to receive a fair hearing.[1] The Administrative Law Judge's task in this case was a difficult one. But her conduct of the hearing, in this Court's view, can more fairly be characterized as kindly and concerned rather than as "patronizing" and "infuriating", the latter being two of the word tags hung upon her handling of the hearing by plaintiff's counsel.

 This member of this Court has in the past expressed his strong views that every Social Security claimant should be entitled, if he desires, to be represented by counsel at a disability benefit hearing be-

fore an administrative law judge. Kaufman, *District Court Review of Department of Health, Education and Welfare Decisions*, 26 Ad.L.Rev. 113 (No. 1, 1974). But the current state of the law does not appear so to require. *See, e.g., Easley v. Finch*, 431 F.2d 1351 (4th Cir. 1970). *Harp v. Richardson*, CCH UIR ¶ 17,324, p. 2413 (D.Md.1973) (Murray, J.) does impose a duty on the administrative law judge "in appropriate instances" affirmatively to probe, inquire and explore the relevant facts", not to "turn every stone or act as an advocate for every unrepresented claimant", but "to attempt to draw out * * * [the] potential" strength of a plaintiff's contentions when "the particular circumstances of a case clearly suggest that a claimant's proof of his claim is stronger than what he, on his own, has produced * * *" (at p. 2415). Judge Murray, in remanding, held that those obligations were not sufficiently performed in *Harp* by the Administrative Law Judge. Nor have they been sufficiently performed herein. That failure constitutes a second and independent reason for remand. On remand, hopefully, plaintiff's present counsel will remain in the case, will fully present plaintiff's case, and thus will enable his client to put her best foot forward.

In this case, plaintiff was receiving disability benefits from a Maryland agency when that state agency's program was absorbed by HEW in January 1974. In June 1974, plaintiff's federal benefits were terminated. Plaintiff contends that this is a case in which, for the reasons set forth by Judge Thomsen of this Court in *Holden v. Mathews*, Civil No. T-75-1730 (D.Md. April 15, 1976), an opinion which has been specifically followed by Judge Blair of this Court in *Gray v. Mathews*, Civil No. B-76-41 (D.Md. June 14, 1976), and which fathered the Order of Judge Miller of this Court in *White v. United States*, Civil No. M-75-1354

---

1. Plaintiff is a 57-year-old woman with a long history of treatment for mental illness including stays (during brief periods) in Virginia, New York and Maryland state mental institutions and out-patient treatment in one non-public mental clinic. Her condition has, however, in recent years seemingly become stabilized, at least to some extent, and she has been able to engage in what appears to have been sheltered, structured and rather protected employment and social contacts.

(D.Md. May 10, 1976),[2] plaintiff's benefits should be forthwith reinstated, as of the date of this opinion, and continued in force and effect until the Secretary has rendered his final decision upon remand. However, while this Court will require herein that the Secretary's final decision be rendered within 90 days from the date of this opinion, this Court will not as of this date order the immediate resumption of benefit payments. In the above cited cases before Judges Thomsen, Miller and Blair, the Government had sought, was entitled to, and was granted remands pursuant to 42 U.S.C. § 405(g). No such motion has been filed herein. Rather the Government has sought an affirmance—and plaintiff has sought reversal and, secondarily, remand. In *Brown v. Weinberger*, 382 F. Supp. 1092 (D.Md.1974) (Harvey, J.), an opinion heavily relied upon by Judge Thomsen in *Holden, no* hearing was afforded before benefits being paid to plaintiffs were cut off. Judge Harvey granted plaintiff's prayer for injunctive relief. In this case, in which a hearing was held, neither of the parties has briefed the issue of whether this Court has the legal authority to require immediate reinstitution of benefit payments in a case in which a remand is ordered after an administrative hearing has been held and in which the remand is not sought by the Government. Rather, plaintiff has simply cited the four cases previously decided by Judges of this Court. Under the circumstances, the parties are afforded ten days (i.e., until September 24, 1976) to present written memoranda as to whether this Court (1) has the authority to order the immediate reinstitution of payments as plaintiff seeks and, if so, whether this Court (2) should exercise such authority herein if this Court does possess the same. Meanwhile, this Court's remand Order of today's date will become fully effective as of this 15th day of September, 1976.*

2. Copies of Judge Thomsen's opinion and Order and Judges Miller's and Blair's Orders in these three cases have been placed in the official court file herein.

* Subsequent to the filing of this opinion, plaintiff withdrew her request for immediate resumption of benefit payments seemingly only because of factual issues, relevant and material solely in this case, concerning the status of benefit payments.