**Thaddeus F. KANE, Appellant,**

v.

**David MATTHEWS, Secretary, Health, Education and Welfare, Appellee.**

**No. 77–2258.**

United States Court of Appeals, Third Circuit.

Argued May 4, 1978.

Decided Aug. 14, 1978.

S. John Cottone, U. S. Atty., James W. Walker, Asst. U. S. Atty., Scranton, Pa., Stephanie W. Naidoff, Roland L. Vaughan, Jr., Philadelphia, Pa., Roberta Hess, for appellee.

Before HUNTER and WEIS, Circuit Judges, and LAYTON,* District Judge.

## OPINION

JAMES HUNTER, III, Circuit Judge:

In this case Thaddeus Kane, a former coal miner, appeals an order of the district court granting summary judgment for the Secretary of Health, Education and Welfare denying Kane benefits under the Federal Coal Mine Health and Safety Act, 30 U.S.C. § 801, *et seq.* Because the trial judge did not address adequately Kane's request to remand the case to the Secretary, we remand to the district court for further proceedings.

### I

Kane was born in 1905, and according to his testimony and the affidavits of several co-workers, worked in the mines from 1920 to 1942. In the mines, Kane held a number of jobs, including that of mine electrician and mine hoist engineer.

After service in the army from 1942 to 1945, the claimant worked at a number of non-mining jobs until 1953, when he took a position as an electrician at the Tobyhanna Army Depot. He worked at Tobyhanna from 1953 until December 28, 1973.

During the last years of Kane's employment at Tobyhanna, he suffered from deep coughing spells and shortness of breath. The coughing spells brought on a hernia, which recurred even after hospitalization. The shortness of breath and the coughing were such that Kane testified that he

Joseph E. Gallagher, O'Malley, Bour & Gallagher, Scranton, Pa., for appellant.

---

* Honorable Caleb R. Layton, 3rd, United States District Judge for the District of Delaware, sitting by designation.

"could feel his heart pound" when he attempted to climb a ladder. Kane attempted to stay on the job until 1975, since at that time he could qualify for a larger pension on reaching age seventy. However, by the end of 1973, his shortness of breath was such that he could not continue his work.

In October 1970, Kane filed a claim for benefits under the Federal Coal Mine Health and Safety Act of 1969, stating that he was disabled as a result of pneumoconiosis. His application was denied initially in February 1971, and after reconsideration in June 1973. Kane then requested a hearing before an administrative law judge, which was held in March 1975.

The ALJ determined that Kane was not entitled to benefits as of June 30, 1973, the date at which the Secretary of Health Education and Welfare ceased to have jurisdiction over claims arising under the Act. *See* 30 U.S.C. § 925. He determined that although the claimant did not present evidence in the nature of x-rays or pulmonary function studies that would entitle him to a rebuttable presumption of total disability due to pneumoconiosis, Kane nevertheless presented sufficient other relevant evidence that *at the time of the hearing* he suffered from a totally disabling chronic respiratory or pulmonary impairment. *See* 20 C.F.R. § 410.414(b)(1). Because of Kane's employment in the mines, the ALJ noted that under the regulations, the impairment was presumed to be pneumoconiosis and to have arisen out of Kane's employment in the mines. *See id.* §§ 410.414(b)(1) & 410.-416(a). The ALJ determined, however, that as of June 30, 1973 Kane's lung condition was not totally disabling within the meaning of the Act.

The ALJ stated that the work performed by the claimant throughout 1973 was closely related to his employment as an electrician in the mines. Further, since Kane had worked full time during the year, at a rate of pay of $4.96 per hour, the ALJ determined that Kane had been engaged in

"'comparable' and 'gainful' employment . . . until at least December 28, 1973, utilizing skills and abilities similar to those utilized in coal mine employment." *See* 20 C.F.R. §§ 410.412(a) & 410.426. Thus he held that the Secretary was without jurisdiction to award benefits to Kane.

The Appeals Council affirmed the decision of the ALJ. Kane then instituted suit in the district court for the Middle District of Pennsylvania, pursuant to 42 U.S.C. § 405(g), for review of the Secretary's decision. The Secretary moved for summary judgment.

Kane, represented by counsel for the first time in the district court, submitted affidavits in opposition to the Secretary's motion. These affidavits, provided by Kane himself and by James Benton, Kane's supervisor at Tobyhanna, involved the nature of the work Kane was performing during the last years of his employment.

The district court granted summary judgment for the Secretary. The court agreed with the decision of the Secretary that Kane was not totally disabled as a result of pneumoconiosis as of June 30, 1973. The court, however, based its decision by comparing Kane's work at Tobyhanna during the first part of 1973 with his work in the mines as a mine hoist engineer, and did not rely on the ALJ's determination that the claimant's work as a mine electrician was comparable to his work at Tobyhanna.

Concerning the basis for the ALJ's determination that Kane was engaged in comparable and gainful work as of June 30, 1973, the district court stated:

It appears that the Administrative Law Judge may in fact have relied on a comparison of the claimant's functions as an electrician in the mines with his work as an electrician at the Tobyhanna Army Depot in finding that the claimant had engaged in comparable and gainful work outside of the mines so as to rebut the presumption that plaintiff was totally disabled, whereas a comparison of plain-

tiff's work during the last two or three years of employment at Tobyhanna would not support such a conclusion. . . . Based on the evidence presented in the record, it does not appear that the nature of plaintiff's work during the latter stages of his employment at Tobyhanna was substantially similar or comparable to the work performed by plaintiff as an electrician in the mines and described by plaintiff in his affidavit accompanying the brief in opposition to the Secretary's motion.

Kane appeals the district court's decision contending that its determination that Kane's work at Tobyhanna during the final years of his employment was comparable to his work as a mine hoist engineer was not supported by substantial evidence, and that the district court erred in not remanding the case to the Secretary for further findings of fact.

## II

The district court implicitly held that the decision of the administrative law judge as to the comparability of Kane's later years of employment as an electrician at Tobyhanna and his years as a mine electrician could not be affirmed. By affirming the Secretary's decision not to award benefits under the Act, however, the court resolved a factual issue never addressed by the Secretary—the comparability of the work at Tobyhanna and Kane's work as a mine hoist engineer. In *SEC v. Chenery Corporation*, 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947) the Supreme Court stated that

. . . a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so

would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*See also FPC v. Texaco, Inc.*, 417 U.S. 380, 397, 94 S.Ct. 2315, 41 L.Ed.2d 141 (1974). The district court thus exceeded the bounds of its reviewing authority in determining that the mine hoist engineering job was comparable in both skill and physical toil to Kane's later work at Tobyhanna. Such findings as to the comparability of the two jobs are to be addressed by the Secretary in the first instance. Thus, we are unable to affirm the district court's order granting the Secretary's motion for summary judgment on the ground advanced below.

In light of our disposition on the question of remand raised by the claimant, we need not address at this time the sufficiency of the evidence in the present record to support the Secretary's determination. Kane's contention on this point is that the district court erred in refusing to grant his request to remand the case to the Secretary for further factual inquiries into whether the miner was totally disabled within the meaning of the Act.

The district court may remand a case to the Secretary for further findings if "good cause" is shown. 42 U.S.C. § 405(g) (1970). In deciding whether a case should be remanded, the district court should consider whether the evidence is not cumulative in light of those facts already before the Secretary and whether the Secretary's decision might well have been different had the evidence been presented to the ALJ. *See Zielinski v. Califano*, 580 F.2d 103 (3d Cir. 1978). Also, the court should consider the effect of the claimant's failure to present the evidence in the first instance, as well as whether the claimant would be denied a fair hearing if the additional evidence is not made part of the record. As the court stated in *Hess v. Weinberger*, 497 F.2d 837, 840 (3d Cir. 1974).

Although the burden is upon the claimant to prove his disability, due regard for

the beneficent purposes of the legislation requires that a more tolerant standard be used in this administrative proceeding than is applicable in a typical suit in a court of record where the adversary system prevails.

■ In the proceedings below, the district court declined to remand the case to the Secretary. Apparently, the decision that remand would not be helpful was based on the finding that the record contained evidence, upon which the Secretary did not rely, that Kane was not "totally disabled." Since the district court is obliged to affirm the Secretary's decision, if at all, on grounds relied on by the Secretary, the court should not have denied a request for remand on the basis of its affirmance of the Secretary on grounds not relied on by the Secretary. The trial judge expressed doubts about the validity of the basis for the Secretary's finding that Kane was not disabled—the comparison of his work as a mine electrician and his work at Tobyhanna. Had the district court considered *only* that finding which was the ground relied upon by the Secretary, the case might well have been remanded.

The affidavits presented by Kane in the district court indicate for the first time clearly that Kane was carried on the job by his supervisor and his fellow employees. The supervisor's affidavit stated that he purposely refrained from assigning Kane to a number of jobs that were assigned to his work crew. Further, his affidavit stated that the other employees in the crew assumed the difficult jobs by doubling up on their work in order that Kane would be able to stay on the job long enough to collect a full pension.

■ Even though a miner is engaged in full-time, gainful work, if the tasks he performs are "make-shift," he may nevertheless be "totally disabled" within the meaning of the Act, if he is unable to do work comparable to his usual coal mine employment. *Felthager v. Weinberger,* 529 F.2d 130 (10th Cir. 1976); *Lawson v. Weinberger,* 401 F.Supp. 403 (W.D.Va.1975). It is not clear from the record whether the ALJ had the facts necessary to ascertain whether Kane, although working at the time he claimed total disability, was able to collect a paycheck only because his co-workers shouldered the extra burden of the work expected of him.

We feel that the trial judge should have the opportunity to rule on Kane's request for remand of this case in light of this opinion. *See Kemp v. Weinberger,* 522 F.2d 967 (9th Cir. 1975); *Estep v. Richardson,* 465 F.2d 969 (6th Cir. 1972). The trial judge may determine that the affidavits produced by Kane justify further inquiry as to whether "good cause" has been shown for requiring further findings by the Secretary.

The case will be remanded for further proceedings consistent with this opinion.