Louis NEUMERSKI

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare.

Civ. A. No. 77–1603.

United States District Court,
E. D. Pennsylvania.

Sept. 8, 1978.

H. Lee Weinrebe, Philadelphia, Pa., for plaintiff.

William J. McGettigan, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

LUONGO, District Judge.

Plaintiff instituted this action under 42 U.S.C. § 405(g) (1970) to review the final decision of the Secretary of Health, Education and Welfare (Secretary) denying plaintiff's claim for disability benefits under 42 U.S.C. § 416(i) (1970 & Supp. V 1975); *id.* § 423, *as amended by* Act of Dec. 20, 1977, Pub.L.No. 95–216, tit. III, § 335, 91 Stat. 1547. Both parties moved for summary judgment. Pursuant to 28 U.S.C. § 636(b) (1976) and local Rule 46, the case was referred to the United States Magistrate for

report and recommendation. The Magistrate recommends that I deny the plaintiff's motion and grant the Secretary's motion for summary judgment. For the reasons stated below, I will not approve that part of the Magistrate's report[1] which recommends that I grant summary judgment in favor of the Secretary. I will instead remand the case to the Secretary for further consideration.

Plaintiff, claiming that he was disabled as a result of a back operation, filed for benefits on October 16, 1972. On January 5, 1973, his claim was disallowed and he thereafter filed a request for reconsideration, which was denied on September 17, 1973. In accordance with 42 U.S.C. § 405(b) (Supp. V 1975), plaintiff then sought a hearing before an administrative law judge, which took place on October 30, 1976. After assessing the medical evidence, the ALJ found plaintiff's subjective complaints of pain not credible. Record at 10–11, 13. The ALJ concluded that although plaintiff's impairments precluded the possibility of his undertaking such former work duties as heavy lifting and bending, he could perform any of several light sedentary jobs that were available in the area. Record at 13. Plaintiff appealed this adverse determination to the Appeals Council, which affirmed the denial of benefits on March 2, 1977. As this became the final decision of the Secretary, plaintiff appealed by filing this suit. The Secretary moved for summary judgment, and plaintiff did likewise, appending to his motion a report dated June 21, 1977 by a psychologist who diagnosed plaintiff's condition as "anxiety neurosis with concomitant brain dysfunction." It is the potential impact of this report which prompts my disagreement with the disposition recommended by the Magistrate.

■ Our review under section 405(g) is limited to the transcript and pleadings, and findings of fact by the Secretary must be upheld if supported by substantial evidence. See *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Hess v. Secretary of Health, Education and Welfare*, 497 F.2d 837 (3d Cir. 1974); *Baith v. Weinberger*, 378 F.Supp. 596 (E.D.Pa.1974). I have no quarrel with the Magistrate's conclusion that the record contains sufficient evidence to support the denial of disability benefits. I disagree, however, that this finding mandates summary judgment for the Secretary, in light of the psychologist's report.

■ Although properly ignored in reviewing the Secretary's findings, material extraneous to the record may nevertheless be considered to determine the existence of good cause to remand. *Poe v. Weinberger*, 403 F.Supp. 312, 316 (N.D.W.Va.1975); *Brown v. Secretary of Health, Education and Welfare*, 403 F.Supp. 938, 941 (E.D.Wis. 1975). The Magistrate suggests that this additional evidence does not warrant a new hearing because "it is not such evidence that was not obtainable at the first hearing or on appeal . . . ." Report & Recommendation at 3. I believe that to be too restrictive a standard for showing good cause. The Court of Appeals for the Third Circuit has recently admonished that application of a less technical standard in this type of proceeding will more properly effectuate the beneficent purposes of the Social Security Act. *Kane v. Matthews*, 583 F.2d 878, 881–82 (3d Cir. 1978) (quoting *Hess v. Secretary of Health, Education and Welfare, supra*, 497 F.2d at 840). Although a variety of factors may enter the calculus of "good cause," *see Parker v. Califano*, 441 F.Supp. 1174, 1179 (N.D.Cal.1977), courts ordinarily refuse to remand only where the proffered evidence is merely cumulative of evidence already adduced and creates no reasonable chance of altering the Secretary's decision. *See Kane v. Matthews, supra*, 583 F.2d at 881–82; *Parker v. Califano, supra*, 441 F.Supp. at 1181; *Felix v. Secretary of Health, Education and Welfare*, No. 76–505, slip op. at 2–3 (E.D.Pa. Sept. 29, 1977); *Schaffer v. Califano*, 433 F.Supp. 1218, 1225 (D.Md.1977); *Perez v. Mathews*, 411 F.Supp. 1276, 1280 (E.D.Cal.1976); *Poe v. Weinberger, supra*, 403 F.Supp. at 316;

1. The Report and Recommendation are attached hereto.

*Schall v. Gardner*, 308 F.Supp. 1125, 1126 (D.S.D.1970); *Patton v. Finch*, 305 F.Supp. 810, 815 (W.D.N.C.1969); *Schad v. Finch*, 305 F.Supp. 595, 598–99 (W.D.Pa.1969); *Sweeney v. Gardner*, 277 F.Supp. 622, 627 (D.Mass.1967). If the evidence involves new factual data, plaintiff's failure to produce that evidence at the initial hearing or to the Appeals Council will not preclude a remand. *See Kane v. Matthews, supra,* 583 F.2d at 881–82; *Hicks v. Mathews,* 424 F.Supp. 8, 9–10 (D.Md.1976); *Perez v. Mathews, supra,* 411 F.Supp. at 1279–80; *Martin v. Richardson,* 325 F.Supp. 686, 688–89 (W.D.Va.1971).

■ Because our inquiry into whether good cause to remand has been shown focuses on the nature of the evidence, it is necessary to characterize the psychologist's report. The Magistrate suggests that the report offers nothing more than a favorable finding with regard to plaintiff's subjective complaints of pain; as such, the report is merely repetitive of the evidence already weighed by the ALJ and has little likelihood of swaying his opinion. Report & Recommendation at 3. I disagree that the report simply buttresses plaintiff's testimony. The psychologist administered a battery of psychological tests, the results of which led him to diagnose "anxiety neurosis with concomitant brain dysfunction." The transcript of the hearing reveals that no evidence of a psychological abnormality was presented to the ALJ. Furthermore, the testimony of the vocational expert that plaintiff could engage in a number of light sedentary jobs was based upon a consideration of plaintiff's physical impairments only. Record at 3. Neither the ALJ nor the vocational expert addressed the existence of a mental impairment or its impact upon the plaintiff's ability to perform these light, sedentary tasks. The psychologist's report therefore presents new evidence creating a reasonable chance that the ALJ might change his conclusion. *See Kane v. Matthews, supra,* 583 F.2d at 882; *Finnstrom v. Mathews,* 412 F.Supp. 415, 416 (D. Ariz.1976).

Although plaintiff has not specifically requested a remand, 42 U.S.C. § 405(g) (1970) authorizes the court, in its discretion and for good cause shown, to remand at any time for the taking of additional evidence. As I perceive no possibility of prejudice to the Secretary, *see Christopher v. Finch,* 452 F.2d 1237, 1238 (3d Cir. 1972), I will order that the case be remanded for the presentation and evaluation of this new psychological evidence.

## APPENDIX

### REPORT—RECOMMENDATION

RICHARD A. POWERS, III, United States Magistrate.

Plaintiff seeks review of the decision of the Secretary of Health, Education and Welfare (Secretary) denying his application for Social Security benefits. 42 U.S.C.A. § 416(i) and § 423. Plaintiff first filed for disability benefits on October 16, 1972 and was rejected. His request for reconsideration was also denied on September 17, 1973. Plaintiff then obtained a hearing before an Administrative Law Judge (ALJ) who considered the case de novo and decided that plaintiff was not entitled to benefits under the Act. This became the final decision of the Secretary when affirmed by the Appeals Council on December 2, 1977.

Our review is limited to determining whether there is substantial evidence to support the decision of the Secretary. The parties have filed cross motions for summary judgment. We find that there is substantial evidence to support the conclusion of the Secretary, and his motion for summary judgment should be granted.

Plaintiff claims that he is totally disabled because of a back injury, with numbness and pain in the left leg and buttocks. It is alleged that the plaintiff has been unable to engage in any substantial gainful employment from June of 1970 until the present time.

The record discloses that plaintiff was born on January 23, 1931, and has a ninth grade education. He had six (6) months of automotive training which he never utilized

(tr. 34), and served two (2) years in the United States Army where he performed heavy manual labor work within the Engineering Corps (tr. 35). From 1959 through the end of 1969, plaintiff's only employment consisted of heavy labor work as a stock clerk for an ice cream company and, thereafter, as a fork lift operator which again required lifting of extremely heavy objects. (tr. 36–37). Plaintiff underwent surgery for back and sciatic nerve pain on June 29, 1970, and was treated by a Dr. Blaker who prescribed aspirin, Darvon and a back brace which plaintiff wears occasionally. (tr. 42).

At the request of the Bureau of Vocational Rehabilitation for the Commonwealth of Pennsylvania, the plaintiff was examined by a Dr. Guttman, and also by a Dr. Albert. These physicians agree with Dr. Blaker that plaintiff cannot return to his former work. However, both speculated that plaintiff might be able to perform light sedentary work. (tr. 133). Dr. Guttman stated that the performance of such work would be aided by the regular use of a back brace and a regimen of moderate exercise, as well as weight loss.

Significant to his determination that the plaintiff does not suffer such impairments as to render him totally disabled, the ALJ found as follows:

"5. Claimant can sit for up to one hour, can stand for ¾ of an hour, can walk 2–3 blocks twice daily, can lift up to 10–15 pounds, can climb stairs, can drive his car several times weekly for 3 to 5 miles, can use public transportation and is otherwise able to function satisfactorily." (tr. 13).

As in many other cases, the pivotal issue is the credibility of the plaintiff. Specifically, the ALJ found that plaintiff does have pain and a back problem, however, he did not find it to be so severe as to preclude sedentary work.

It is the duty of the plaintiff to establish that he is disabled within the meaning of the Act. 42 U.S.C. § 416(i)(1). Plaintiff has the burden to establish the extent of his mental or physical impairment, and that this impairment results in his inability to engage in any substantial gainful activity.

*Janek v. Celebrezze*, 336 F.2d 828, 933 (3 Cir. 1964). While pain alone is sufficient to support an award to plaintiff, *Bittel v. Richardson*, 441 F.2d 1193, 1195 (3 Cir. 1971), the Secretary is not required to accept as true, the self-serving statements of the plaintiff or his witnesses. *Reyes Robles v. Finch*, 409 F.2d 84 (1 Cir. 1969). The court is not empowered to resolve conflicts of evidence or decide questions of credibility. *Richardson v. Perales*, 402 U.S. 389, 399, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

In this regard, we find that the ALJ afforded the plaintiff a full, fair and complete hearing, and simply disbelieved his testimony as to his subjective complaints of pain. We cannot set aside this determination which is solely within the province of the Secretary. *Richardson v. Perales, id.*

After the hearing, additional evidence was presented in the form of a report by a Dr. Paul, a vocational expert. The presentation of this report does not require a new hearing or a different result, since it is not such evidence that was not obtainable at the first hearing or on appeal, and necessarily includes a favorable finding by Dr. Paul as to the plaintiff's credibility which the ALJ found wanting. It is not reasonably probable that this report would cause the ALJ to reach a different conclusion. *Finnstrom v. Mathews*, 412 F.Supp. 415 (D.Ariz.1976).

Accordingly, we make the following

## RECOMMENDATION

Now, this 4th day of August, 1978, IT IS RESPECTFULLY RECOMMENDED that:

1. The motion for summary judgment filed by the Secretary should be GRANTED.

2. The motion for summary judgment filed by the plaintiff should be DENIED.

3. There is no basis to remand this matter for another hearing.