Charlotte KNOX

v.

Patricia Roberts HARRIS, Secretary of Health and Human Services.

Civ. A. No. 80–0294.

United States District Court,
E. D. Pennsylvania.

April 1, 1981.

H. William Schab, Jr., Community Legal Aid Society, Sussex County Office, Georgetown, Del., for plaintiff.

Joan K. Garner, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

GILES, District Judge.

The court granted claimant, Charlotte T. Knox, leave to proceed *in forma pauperis*, on January 23, 1980. She then filed her complaint seeking reversal of the decision of the Secretary of Health and Human Services ("Secretary"). That decision denied claimant's application for supplemental income and disability insurance benefits under the Social Security Act. 42 U.S.C. §§ 416(i), 423, and 1381(a) (1976). Jurisdiction is based on 42 U.S.C. § 405(g).

Claimant argues that the decision of the Secretary is not supported by substantial evidence (Complaint ¶ 8). The Secretary moved for summary judgment contending that the decision of the ALJ was supported by substantial evidence. In response, claimant has moved for a remand and argues that new medical evidence which she now proffers is relevant and material to deciding whether she is disabled. For the reasons that follow, we deny defendant's motion for summary judgment and remand.

### I. *Facts*

When claimant filed her application for disability benefits, she was 55 years old and had a ninth grade education. She had worked for nearly forty years at various odd jobs including farm work, poultry processing, unskilled factory jobs and sewing machine operator. She last worked as a domestic but claimed that she had to quit after she "blacked out" several times on the job and the alleged pain in her shoulders, arms, hands and feet became unbearable. Tr. 10.

Claimant's physicians stated that she suffered from obesity, uncontrolled diabetes mellitus, hypertension, musculoskeletal pain, degenerative arthritis of the lower back and arteriosclerotic heart disease. Tr. 14, 136, 140, 144–146, 149, 151. Some evidence exists that claimant may have suffered a myocardial infarction of the inferior wall of her heart. Claimant's Exhibit A–1 (Report of Jeffrey Brown, D.O.) Claimant also suffers from anxiety and depressive reactions flowing in part from her knowledge of her physical condition. Tr. 146. The medical evidence also establishes that claimant has a history of thrombophlebitis and was at the time of the hearing taking medication for high blood pressure, diabetes, and musculoskeletal pain. The ALJ reasoned, however, that none of her physical impairments met the level of severity of those impairments required by the appropriate Social Security Administration Regulations, 20 C.F.R. Subpart P, Appendix 1 (1979). Tr. at 15. The ALJ conceded that the plaintiff's physical limitations might preclude her returning to work at demanding jobs she had held in the past, such as domestic work or as a trimmer in a poultry processing plant. Tr. at 15. Nonetheless, the ALJ was persuaded that she may have been physically capable of work as a sewing machine operator and in any event retained adequate overall functional capacity to perform sedentary work. Tr. at 16. The ALJ ruled that on the basis of the medical-vocational guidelines contained in Appendix 2, 20 C.F.R. Subpart P (1979), plaintiff was not disabled. That decision of June 28, 1979 became the final decision of the Secretary on November 20, 1979 when the Appeals Council denied plaintiff's request for review of the record. Tr. at 3.

**164**

## II. *Legal Discussion*

■ A claimant satisfies his initial burden of proving entitlement to disability benefits by having his treating physician substantiate his subjective claims. *Livingston v. Califano*, 614 F.2d 342, 345 (3d Cir. 1980); *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979).[1] The ALJ is not bound to accept the conclusion of claimant's physician without weighing it against other relevant evidence. *Urgolites v. Finch*, 316 F.Supp. 1168 (W.D.Pa.1970). An ALJ must resolve contradictory medical evidence and give reasons for accepting or rejecting such evidence. *Cotter v. Harris*, 642 F.2d 700, at 703–708 (3d Cir. 1981). If no contradictory evidence exists, the ALJ is bound by the expert opinions of claimant's treating physician regarding the existence of the disability. *Rossi v. Califano*, 602 F.2d at 57–58; *Eiden v. Secretary of H.E.W.*, 616 F.2d 63, 64 (2d Cir. 1980); *McLaughlin v. Secretary of H.E.W.*, 612 F.2d 701, 705 (2d Cir. 1980).

■ The Secretary then must come forward with evidence showing that given claimant's age, education, and work experience, claimant can perform specific jobs in the national economy.[2] If no finding exists regarding alternative employment, a denial of disability benefits can be upheld only if there is medical evidence of record that claimant's impairment did not prevent him from engaging in his former employment. *Rossi, supra*, at 57. The Third Circuit has mandated that leniency be shown in establishing claimant's disability, and that the Secretary's responsibility to rebut it be strictly construed. *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1980). *Accord, Smith v. Harris*, 644 F.2d 985, at 989 (3d Cir. 1981). The court has stated that although the burden is upon claimant to prove his disability, "due regard for the beneficent purposes of the legislation requires that a more tolerant standard be used in this administrative proceeding than is applicable in a typical suit in a court of record where the adversary system prevails." *Id.* (citations omitted).

Regarding the standards for remand under 42 U.S.C. § 405(g), the Third Circuit has stated that a district court may remand for "good cause" shown; and that

In deciding whether a case should be remanded, the district court should consider whether the evidence is not cumulative in light of those facts already before the Secretary and whether the Secretary's decision might well have been different had the evidence been presented to the ALJ. *See Zielinski v. Califano*, 580 F.2d 103 (3d Cir. 1978). Also, the court should consider the effect of the claimant's failure to present the evidence in the first instance, as well as whether the claimant would be denied a fair hearing if the additional evidence is not made part of the record.

1. The Social Security Act provides in pertinent part:
    (d)(1) The term "disability" means—
    (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months;

    (3) For purposes of this subsection, a "physical or mental impairment" is an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.
    42 U.S.C. § 423 (1974).

2. 42 U.S.C. § 423(d)(2)(A) provides:

    (A) an individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ... For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.
    The Vocational Rules implementing the Social Security Act, 20 C.F.R. § 416, Subpart I, Appendix 2 (1979), analyze the four factors of age, education, work experience and physical capacity.

*Kane v. Matthews*, 583 F.2d 878, 881 (3d Cir. 1978).

The Third Circuit has also stated that:

[T]he special nature of proceedings for disability benefits dictates extra care on the part of the agency in developing an administrative record and in explicitly weighing all evidence. We have pointed out that '[a] hearing on an application for benefits is not an adversary proceeding. The applicant is confronted with no adversary in the usual sense of that term. The Social Security Administration provides an applicant with assistance to prove his claims.'

*Smith v. Harris*, 644 F.2d 985, at 989 (3d Cir. 1981) (footnotes and citations omitted).

Where good cause is shown, remand furthers the beneficent purposes of this legislation. *See Kane v. Matthews*, 583 F.2d at 881–882 (citations omitted); *Smith v. Harris, supra.*

■ The medical evidence in Exhibits B–D is not merely cumulative in light of the evidence already before the ALJ; it may have made a difference in his decision. *Kane, supra.* The medical evidence explains, substantiates and forms an objective basis for claimant's complaints of pain in her lower legs and feet, and in her joints. Dr. Yarnall's reports illuminate the sources and nature of the pain and edema in claimant's feet. Because there previously was no such evidence of record, the ALJ may have discounted claimant's complaints of such pain as fanciful or indicative of her anxious mental state. In addition, the ALJ thought that claimant may have been able to return to work as a sewing machine operator. The new evidence is relevant and material to whether she can do any work.[3] The ALJ may require further findings to supplement the record; he is free to do so in light of his duty to develop a complete record. *Smith v. Harris, supra* at p. 989.

Regarding claimant's failure to produce medical evidence focusing specifically on her foot disorders during the administrative proceedings, the court is persuaded that she should not be precluded *now* from presenting such evidence. Her examining physicians were aware of her complaints of pain in walking and of the edema of her feet. Tr. 139 (Report of Dr. Gilmore); Tr. 146 (Report of Dr. Freundlich).[4] However, neither of the examining physicians could pinpoint the cause of claimant's complaints, nor give a medical opinion for the complaints because they were puzzled and not because they were convinced no basis existed for the complaints of disabling pain.[5] Dr. Yarnall, podiatric surgeon, has given an objective medical explanation for the edema and pain. Claimant's failure to furnish this report at the hearing or before the Appeals Council does not preclude its introduction into evidence, for the report contains new medical evidence and is not merely cumulative. *Neumerski v. Califano*, 456 F.Supp. 979, 980–981 (E.D.Pa.1978).

■ The Secretary must take extra care in developing a complete record and in explicitly weighing all evidence. *Smith v. Harris, supra.* In addition, "[t]he Social

---

**3.** The claimant has made out a case that she is disabled from working as a domestic or as a poultry processor. Under the Act, a claimant establishes she is unable to return to her previous employment by having her doctor substantiate her complaints. *Livingston, supra; Rossi, supra.* The ALJ concedes claimant can no longer work as a domestic or poultry processor. Tr. 16. The court shall allow the ALJ, based on the new evidence of record to decide whether claimant is disabled from performing any or all of the jobs at which she has worked, and support his findings with reasons based on medical evidence of record. *Cotter v. Harris, supra.*

The court notes that in its present state, the record does *not* reflect *specific jobs* in the national economy that the Secretary unequivocably states claimant is medically able to perform.

**4.** In addition, claimant complained of foot pain at the hearing. Tr. 10.

**5.** There is medical evidence that claimant has a longstanding history of recurrent thrombophlebitis of the lower extremity. (Report of Dr. Saliba). Tr. 151, Tr. 14. Dr. Freundlich stated that when he examined claimant she could not operate the pedals of a sewing machine—her phlebitis prevented her from pumping the pedals. Tr. 145.

166

Security Administration provides an applicant with assistance to prove his claim." *Id.* at 989. Accordingly, the court is persuaded that consistent with the non-adversarial nature of these proceedings, it would be unfair to claimant, and the Secretary, for the court to refuse the ALJ an opportunity to decide whether this new evidence suffices to establish disability. *Id.*

The decision of the Secretary is vacated and the case remanded for proceedings consistent with this opinion.