**Nancy GREEN, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 85–1608.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 9, 1986.

Decided May 19, 1986.

W. Foster Gaillard (David B. Wheeler, Fishburne & Gaillard, Charleston, S.C., on brief), for petitioner.

Mark Robson, U.S. Dept. of Labor (Francis X. Lilly, Sol. of Labor, Donald S. Shire, Associate Sol., J. Michael O'Neill, Appellate Litigation, Washington, D.C., on brief), for respondent.

Before WIDENER and ERVIN, Circuit Judges, and MICHAEL, District Judge for the Western District of Virginia, sitting by designation.

ERVIN, Circuit Judge:

Carl Green, a coal miner for twenty-five years, appeals from a decision of the Benefits Review Board affirming the Administrative Law Judge's (ALJ) determination that Green was not entitled to receive disability benefits until June 1, 1981, despite his black lung disability under 30 U.S.C. § 901 *et seq.* (1982) before that date. Because the Board and ALJ did not reach their decisions in accordance with applicable law, and such decisions are not supported by substantial evidence, we vacate the judgment and remand the action for a rehearing to determine the proper date from which Green is entitled to receive benefits.

I.

Green was a coal miner from 1932 to 1960. After 1960, he worked in several non-coal mine jobs until his retirement on June 1, 1981.

Green started having breathing difficulties in the late 1950's. He filed a claim for black lung disability benefits on December 2, 1974. A hearing on the claim was held before an ALJ on July 6, 1981. A medical report dated October 9, 1980, containing a chest x-ray and a qualifying ventilatory study, showed that Green was suffering from pneumoconiosis. As a result of this medical report and Green's twenty-five year service as a coal miner, the ALJ invoked the interim presumption of total dis-

ability under 20 C.F.R. § 727.203. The ALJ also found that the presumption had not been rebutted and thus Green was entitled to black lung benefits. The ALJ determined, however, that the onset date for the disability was June 1, 1981. The ALJ reasoned that Green had worked full time for a substantial portion of the period from 1974 to September 1980. Green had worked part time from September 1980 to June 1, 1981, but the ALJ concluded that Green's disability was not the main reason for the part time employment.[1]

Green petitioned the Benefits Review Board, contending that the ALJ erred in setting the onset date at June 1, 1981. Green asserted that the onset date should be the day he filed the claim, December 2, 1974, since the evidence was insufficient to determine the precise month of disability onset.[2] Green relied upon 20 C.F.R. § 725.503(b), which reads in pertinent part:

> (b) In the case of a miner who is totally disabled due to pneumoconiosis, benefits are payable to such miner beginning with the month of onset of total disability. Where the evidence does not establish the month of onset, benefits shall be payable to such miner beginning with the month during which the claim was filed. . . .

The Board agreed that the onset date should be determined pursuant to section 725.503(b). The Board further agreed that the ALJ erred in setting the onset date at June 1, 1981, since "a miner's continued employment is not considered in determining the onset of disability date." Jt.App. at 181. The Board decided, however, to affirm the ALJ's decision. The Board recognized that a miner who is engaged in comparable and gainful work past the onset date of disability is excluded from receiving benefits for the time during which the claimant was engaged in such work. 20 C.F.R. § 725.503A(c).[3] The Board evaluated the comparability of Green's part time work to his previous mine work and concluded that the two employments were comparable. Therefrom, the Board found Green was not entitled to receive benefits until June 1, 1981. Green appealed this decision.

## II.

The scope of appellate review for a decision of the Benefits Review Board affirming the ALJ is whether the ALJ's decision is supported by substantial evidence and is in accordance with the law. 33 U.S.C. § 921(b)(3) (1982). *See Zbosnik v. Badger Coal Company*, 759 F.2d 1187, 1189–90 (4th Cir.1985). The ALJ's decision herein was that the onset date of disability was June 1, 1981. This decision is neither supported by the substantial evidence nor in accordance with the law. Indeed, the Board below held and the government on appeal concedes that the onset date is determined pursuant to 20 C.F.R. § 725.503(b), and thus is December 2, 1974, the day Green filed his claim.[4]

---

1. The ALJ found that the principal reason Green decreased his working hours was to avoid exceeding the maximum amount allowed under the Social Security Act in order to continue to qualify for benefits.

2. The medical record showed that Green was suffering from pneumoconiosis *by* October 9, 1980. Other evidence established that he had the symptoms earlier, but had not been medically tested since 1975.

3. The regulation states:
   In any case where the miner returns to coal mine *or comparable and gainful work*, the payments to such miner shall be suspended and no benefits shall be payable (except as provided in section 411(c)(3) of the act) for the period during which the miner continues to work.
   20 C.F.R. § 725.503A(c) (emphasis added).

4. We agree that the onset date is December 2, 1974. Medical evidence shows that Green was suffering from pneumoconiosis by at least October 9, 1980. This court has recognized that pneumoconiosis is a progressive disease, *Prater v. Harris*, 620 F.2d 1074 (4th Cir.1980), and, thus, evidence establishing total disability may relate back in time to establish an earlier onset date. Indeed, recently in *Henning v. Peabody Coal Company*, 7 BLR 1–753 (March 1, 1985), the Benefits Review Board addressed whether the claimant therein was entitled to benefits prior to the month during which he produced medical evidence that was the basis for the invocation of the interim presumption. The

**1120**

The Board attempted to remedy or excuse the ALJ's error by finding that Green was precluded under 20 C.F.R. § 725.-503A(c) from receiving benefits until June 1, 1981, Green's retirement date. The government likewise argued on appeal that Green was engaged in comparable and gainful employment from 1974 to 1981, thus his disability benefits must be suspended during this period.

The flaw in the Board's decision and the government's appellate argument is that neither the ALJ nor the Board has reviewed Green's employment from 1974 to 1981 to determine if it was comparable to and gainful as that of his previous mining work. The Board reviewed the comparability of Green's part time work from 1980 to 1981, but did not review and determine its gainfulness and did not address his employment prior to 1980. The ALJ never considered the comparable and gainful issue, but merely stated that because Green had been engaged in full time work during the 1970's and decreased to part time work for non-medical reasons in 1980, Green was not entitled to disability status and benefits until his retirement.[5] Moreover, the evidence in the record is insufficient to support a finding that Green had worked in comparable and gainful jobs after 1974. Accordingly, the case is remanded for a rehearing on whether Green was engaged in comparable and gainful employment from December 2, 1974, to June 1, 1981.

VACATED AND REMANDED IN PART.

---

Board held that medical evidence showing total disability does not establish the onset of disability but is merely indicative that the claimant became disabled at some time prior to that date, and that "[w]here the onset date of total disability cannot be determined from the evidence of record, benefits are awarded from the month in which the claim was filed." *Id.* at 1–757.

The record in the instant case contains insufficient evidence as to the precise month of Green's onset of disability. *See supra* footnote 2. Accordingly, it is correct to invoke 20 C.F.R. § 725.503(b) and find Green's onset of disability on December 2, 1974, the claim filing date.

---

Thus, this issue is no longer present in the case and is not to be reconsidered on remand.

5. As the Board held below, a claimant's continued employment is not relevant in determining disability status. Jt.App. at 181. Moreover, mere employment, even full time, is not a basis for denying benefits. The work must be construed as comparable to *and* gainful as that of the claimant's earlier mining employment. *See Miniard v. Califano,* 618 F.2d 405, 409 (6th Cir. 1980); *Kane v. Matthews,* 583 F.2d 878, 882 (3d Cir.1978).