813 F.2d 1228
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Darrell RICHMOND, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 86-3072.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 31, 1986.
Decided March 5, 1987.
 
 Ben.Rev.Bd.
 On Petition for Review of an Order of the Benefits Review Board. (C/A No. 84-1710-BLA)
 Before HALL, CHAPMAN and WILKINSON, Circuit Judges.
 Peter H. Weinberger, Kube & Weinberger Co., L.P.A., on brief, for petitioner.
 George R. Salem, Solicitor of Labor, Donald S. Shire, Associate Solicitor, J. Michael O'Neill, Counsel for Appellate Litigation, Thomas L. Holzman, Assistant Counsel for Appellate Litigation, Donald Feith, Attorney, United States Department of Labor, on brief, for respondent.
 PER CURIAM:
 
 
 1
 Darrell Richmond petitioned this Court for review of the final decision of the Benefits Review Board (BRB) affirming the Administrative Law Judge's (ALJ's) decision denying benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901, et seq. The ALJ held that Richmond, who worked in the transportation and loading of coal at a plant where briquettes are made from coal waste, did not meet the statutory definition of a miner.[1]
 
 
 2
 The scope of appellate review of a Benefits Review Board decision affirming an ALJ's decision is whether the ALJ's decision is supported by substantial evidence and in accordance with the law. Green v. Director, OWCP, 790 F.2d 1118, 1119 (4th Cir.1986). We find that ALJ's judgment supported by the evidence and the law and, accordingly, affirm.
 
 
 3
 Section 402(d) of the Act, 30 U.S.C. Sec. 902(d), defines the term "miner" as:
 
 
 4
 any individual who works or has worked in or around a coal mine or coal preparation facility in the extraction or preparation of coal. Such term also includes an individual who works or has worked in coal mine construction or transportation in or around a coal mine, to the extent such individual was exposed to coal dust as a result of such employment.
 
 
 5
 To establish that he worked as a coal miner, Richmond must show that he worked at a coal mine or preparation facility involved in the extraction and preparation of coal (situs) and at a task in the process of the extraction and preparation of coal (function). Amigo Smokeless Coal Co. v. Director, OWCP, 642 F.2d 68 (4th Cir.1981). Richmond's work involved the movement of the waste coal in the process of making briquettes. At this point, the coal has in essence left the extraction and preparation stage and entered into a separate manufacturing process. Whisman v. Director, OWCP, 8 BLR 1-96 (1985) (in addition to situs and function requirements, coal must not be finished product entering into stream of commerce); Swinney v. Director, OWCP, 7 BLR 1-524 (1984) (delivery to consumer of coal not covered activity).
 
 
 6
 This Court has affirmed the denial of benefits to a worker involved in the transport of coal from railway cars to a barge, finding that such work was not part of the preparation stage, but was merely distribution and delivery. Eplion v. Director, OWCP, 794 F.2d 935 (4th Cir.1986). See Collins v. Director, OWCP, 795 F.2d 368 (4th Cir.1986); Swinney v. Director, OWCP, 7 BLR 1-524 (1984). In addition, the Third Circuit recently affirmed a decision that an employee in a charcoal briquette production facility was not a miner under the Act. Zimmerman v. Benefits Review Board, 6 BLR 1-658 (1983), aff'd mem., 749 F.2d 29 (3d Cir.1984). Because we find that Richmond has not established the function element, we need not address the situs element.
 
 
 7
 We find that the judgment of the Benefits Review Board is supported by substantial evidence and affirm. Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Initially, Richmond claims that the ALJ abused his discretion in allowing the Director, at the administrative hearing, to raise the issue of whether Richmond was a coal miner. Because Richmond did not assert this argument before the BRB, we decline to address it. Cox v. Benefits Review Board, 791 F.2d 445 (6th Cir.1986); RSR Corporation v. Donovan, 747 F.2d 294 (5th Cir.1985)