**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MILDRED ENGLAND,
Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS'

No. 95-2173

COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR;
RANGER FUEL CORPORATION,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(94-7325-BLA)

Argued: March 6, 1997

Decided: July 28, 1997

Before WILKINSON, Chief Judge, LUTTIG, Circuit Judge,
and BLACK, Senior United States District Judge for the
District of Maryland, sitting by designation.

_____

Affirmed by unpublished opinion. Senior Judge Black wrote the opin-
ion, in which Chief Judge Wilkinson and Judge Luttig joined.

_____

**COUNSEL**

**ARGUED:** Frederick Klein Muth, HENSLEY, MUTH, GARTON &
HAYES, Bluefield, West Virginia, for England. Sarah Marie Hurley,
UNITED STATES DEPARTMENT OF LABOR, Washington, D.C.,

for Director. Douglas Allan Smoot, JACKSON & KELLY, Charleston, West Virginia, for Ranger Fuel. **ON BRIEF:** Thomas S. Williamson, Jr., Solicitor of Labor, Donald S. Shire, Associate Solicitor, Patricia M. Nece, Counsel for Appellate Litigation, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Director.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

BLACK, Senior District Judge:

Mildred England appeals from the Benefits Review Board's (Board) decision and order affirming the administrative law judge's (ALJ) decision to grant her husband black lung benefits as of January 1, 1989.[1] See 30 U.S.C. §§ 901-45. She argues for an earlier date of September, 1986. However, the ALJ's determination was supported by substantial evidence and in accordance with law. Accordingly, we affirm.

I

Riley England, Jr. (England) worked as a coal miner for over twenty-five years, ending in July 1980. He worked for Ranger Fuel Corporation (Ranger) for the last two years of his coal mining career. England filed a claim for black lung benefits on February 20, 1981. The Department of Labor initially found him entitled to benefits; however, Ranger contested that determination and requested a formal hearing. A hearing was held before ALJ Pierce on March 6, 1986. On August 14, 1986, ALJ Pierce issued a decision and order denying benefits, having concluded that although there was sufficient evidence

_____

[1] Riley England, Jr. died while this appeal was pending. His widow, Mildred England, has been substituted as the petitioner.

2

to establish the existence of pneumoconiosis, there was not sufficient evidence that England's pneumoconiosis was totally disabling.

England requested that the Board review ALJ Pierce's denial, and, while his claim was pending, he filed evidence indicating that his condition had worsened. The Board remanded the case to the District Director on February 3, 1992. The District Director concluded that England's newly submitted evidence, including a report of a January 11, 1989 x-ray, demonstrated the existence of complicated pneumoconiosis, thereby triggering an irrebuttable presumption of total disability under 20 C.F.R. § 718.304. The District Director then determined that England was entitled to benefits from September 1986, the month after ALJ Pierce's denial of benefits, and ordered Ranger to pay benefits from that date.

Ranger agreed to pay benefits, but sought reconsideration of the September 1986 onset date. After the District Director refused to reconsider his decision, Ranger requested a hearing solely on the onset date issue. A hearing was held before ALJ Holmes on October 6, 1993. On July 26, 1994, ALJ Holmes issued a decision and order granting benefits as of January 1989, the month of the medical evidence constituting "the first evidence of complicated pneumoconiosis." ALJ Holmes declined to select an earlier onset date, remarking that "[t]o determine a date prior to that time would be merely speculation on my part and would inappropriately substitute my judgment for that of the physicians." The Board subsequently affirmed ALJ Holmes's decision, and England petitioned this Court for review of the Board's decision.

II

A

In black lung cases, the ALJ makes factual findings by evaluating the credibility of witnesses and weighing contradictory evidence. See Doss v. Director, Office of Workers' Compensation Programs, 53 F.3d 654, 658 (4th Cir. 1995). The Board reviews the ALJ's findings to determine if they are supported by substantial evidence. Id.; see 33 U.S.C. § 921(b)(3). We review the Board's decision for errors of law and to ensure that the Board adhered to the correct standard of review.

3

<u>Doss</u>, 53 F.3d at 658. Therefore, we must affirm the Board's decision if it properly decided that substantial evidence in the record supports the ALJ's findings. <u>Id.</u> at 659. To determine whether the ALJ's findings are supported by substantial evidence, we undertake an independent review of the record. <u>Dehue Coal Co. v. Ballard</u>, 65 F.3d 1189, 1193 (4th Cir. 1995).

B

Miners suffering from pneumoconiosis are eligible for benefits from the month their condition becomes totally disabling. <u>See</u> 20 C.F.R. § 725.503(b). The parties agree that by January 1989, England's condition had become complicated pneumoconiosis, and therefore totally disabling. There is substantial evidence in the record to support this conclusion. Drs. Shipley, Spitz, Wiot and Cappiello all reported that the January 11, 1989 x-ray showed complicated pneumoconiosis. However, the medical evidence in the record does not make it possible to determine the actual date on which England's pneumoconiosis became complicated.

Generally, where the month of onset is not established by the evidence, the regulations provide that a method of determining when to pay benefits is to use the month in which the claim was filed. <u>See</u> 20 C.F.R. § 725.503(b).[2] However, in <u>Williams v. Director, Office of Workers' Compensation Programs, United States Department of Labor</u>, 13 BLR 1-28 (1989), the Benefits Review Board stated that "[i]f the evidence does not reflect when claimant's simple pneumoconiosis became complicated pneumoconiosis, the onset date for payment of benefits is the month during which the claim was filed . . . unless the evidence affirmatively establishes that claimant had only simple pneumoconiosis for any period subsequent to the date of filing . . ., in which case benefits must commence following the period of simple pneumoconiosis."[3] In this case, ALJ Holmes properly deter-

_____

[2] "Where the evidence does not establish the month of onset, benefits shall be payable to such miner beginning with the month during which the claim was filed, or the month during which the claimant elected review under part 727 of this subchapter." 20 C.F.R. § 725.503(b). The latter alternative does not apply in this case.

[3] Following oral argument, the Director submitted a recent Seventh Circuit decision, <u>Zeigler Coal Co. v. Kelley</u>, 112 F.3d 839 (7th Cir. 1997),

4

mined not to use the filing date because of ALJ Pierce's August 1986 determination that England was not totally disabled. **4**

Under such circumstances, since the filing date is not appropriate the regulation, as written, cannot apply in this case.**5** Accordingly, this Court will evaluate the ALJ's determination of the appropriate date to commence payment of benefits without relying on the regulation. ALJ Holmes ordered Ranger to pay benefits from January 1989, based on the January 11, 1989 x-ray which constituted "[t]he first evidence of complicated pneumoconiosis." Ranger argues that the ALJ's January 1989 date should be upheld.

In contrast, England and the Director, Office of Workers' Compensation Programs (Director) assert that it is inappropriate to use the January 1989 diagnosis date because "medical evidence showing total disability does not establish the onset of disability but is merely indicative that the claimant became disabled at some time prior to that date." See Green v. Director, Office of Workers' Compensation Programs, United States Department of Labor, 790 F.2d 1118, 1120 n.4 (4th Cir. 1986). England and the Director argue that England is entitled to benefits for any time after the last affirmative evidence of simple pneumoconiosis, i.e. beginning in September 1986,**6** the month

_____

as supplemental authority. In Zeigler, the Seventh Circuit, while noting that § 725.503(b) "seem[s] to trump common sense," nonetheless defaulted to the filing date when the evidence before the ALJ did not establish the month of onset. Id. at 844. However, in Zeigler, unlike the instant case, there had not been an earlier finding by an ALJ that the claimant had only simple pneumoconiosis for any period subsequent to the filing date. Thus, this case is sufficiently unlike Zeigler to merit a different result.

**4** At various times England has argued that the filing date should constitute the onset date, however, for purposes of this appeal, England appears to concede that the earliest date that could be considered the onset date is September 1986.

**5** Additionally, Ranger argued that § 725.503(b) violates § 7(c) of the Administrative Procedure Act, 5 U.S.C. § 556(d)(1996). However, in light of this Court's conclusion that the regulation does not govern the outcome of this case, there is no need for this Court to reach that issue.

**6** England refers to reports of x-rays after 1981 which may have corroborated an earlier date for the presence of complicated pneumoconiosis;

5

after ALJ Pierce's determination of simple pneumoconiosis. England and the Director contend that ALJ Holmes's use of the diagnosis date as the onset date is not supported by substantial evidence because none of the doctors identified January 11, 1989 as the onset date, and the only doctor who pinpointed an onset date, Dr. Fino, said it was January 23, 1990, an opinion which should be set aside since the other doctors agreed that evidence of complicated pneumoconiosis existed a year earlier. Such arguments do not change the outcome of this case.

The stated purpose of the black lung benefits program is to provide benefits to coal miners who are totally disabled due to pneumoconiosis. 30 U.S.C. § 901(a). The contention by England and the Director that benefits should be awarded beginning in September 1986 may well result in compensating England for a period of time in which he was not eligible. Thus, it was not arbitrary or unreasonable for the ALJ to consider the diagnosis date as the onset date under the circumstances of this case.

III

In summary, the Board properly decided that the ALJ's onset date determination was supported by substantial evidence and in accordance with law. Accordingly, the Board's decision is affirmed.

AFFIRMED

_____

however, ALJ Holmes excluded those readings because the original x-ray films were not available to be re-read by the employer. The decision to exclude those reports is not at issue in this appeal.

6