**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ARLAND HATFIELD,

*Petitioner,*

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,

*Respondent,*

No. 99-2301

KAZAN COAL, INCORPORATED; WAR
EAGLE CONSTRUCTION CORPORATION;
WEST VIRGINIA COAL WORKERS'
PNEUMOCONIOSIS FUND,
INCORPORATED,

*Movants.*

On Petition for Review of an Order
of the Benefits Review Board.
(98-1214-BLA)

Submitted: January 31, 2002

Decided: February 15, 2002

Before WIDENER, MICHAEL, and TRAXLER, Circuit Judges.

Vacated and remanded with instructions by unpublished per curiam
opinion.

## COUNSEL

S.F. Raymond Smith, RUNDLE & RUNDLE, L.C., Pineville, West
Virginia, for Petitioner. Henry L. Solano, Solicitor of Labor, Donald

S. Shire, Associate Solicitor, Christian P. Barber, Counsel for Appellate Litigation, Helen H. Cox, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C. for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Arland Hatfield appeals the decision of the Benefits Review Board ("Board") affirming the administrative law judge's ("ALJ") decision awarding black lung benefits to Hatfield, commencing October 1996. The only issue in this appeal concerns the proper onset date for Hatfield's award of benefits. Under the applicable regulations, benefits are due from the date of the onset of disability or, where such date cannot be specifically determined based on the evidence of record, from the beginning of the month the miner filed his application for benefits. 20 C.F.R. § 725.503(b). The Board affirmed the ALJ's determination that Hatfield became totally disabled in October 1996 and, accordingly, found benefits awardable from that date. We review the Board's decision to determine whether it properly found that the ALJ's decision was supported by substantial evidence and in accordance with law. *See Dehue Coal Co. v. Ballard*, 65 F.3d 1189, 1193 (4th Cir. 1995).

The ALJ based his onset determination on Dr. Ranavaya's finding of total disability in October 1996. We have held, however, that medical evidence of total disability does not establish the date of disability but rather that the claimant became disabled at some point prior to that date. *See Green v. Director, Office of Workers' Compensation Programs*, 790 F.2d 1118, 1119 n.4 (4th Cir. 1986). The record in this case contains extensive evidence suggesting that Hatfield was disabled prior to October 1996, including a January 1995 medical opinion from Dr. Ranavaya finding disability, and no affirmative evidence

of the absence of disability after Hatfield filed his application for benefits in October 1994. While the evidence does not pinpoint a specific date that Hatfield became disabled, it suggests disability at least as of the date of Hatfield's application.

Accordingly, we vacate the Board's affirmance of the ALJ's onset date finding, and remand with instructions, under 20 C.F.R. § 725.503(b), to substitute an onset date of October 1, 1994, the first day of the month in which Hatfield applied for benefits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED WITH INSTRUCTIONS*