UNPUBLISHED

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

MILBURN COLLIERY COMPANY,

               *Petitioner,*

    v.

DIRECTOR OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR;
VERNON DELUNG,

               *Respondents.*

No. 02-2223

On Petition for Review of an Order
from the Benefits Review Board.
(02-124-BLA)

Argued: May 6, 2003

Decided: July 15, 2003

Before WIDENER and MICHAEL, Circuit Judges, and
Frank W. BULLOCK, Jr., United States District Judge
for the Middle District of North Carolina,
sitting by designation.

Petition for review denied by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Douglas Allan Smoot, JACKSON & KELLY, P.L.L.C.,
Morgantown, West Virginia, for Petitioner. Frederick Klein Muth,
HENSLEY, MUTH, GARTON & HAYES, Bluefield, West Virginia,

for Respondent DeLung; Jennifer U. Toth, Office of the Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent Director. **ON BRIEF:** Kathy L. Snyder, JACKSON & KELLY, P.L.L.C., Morgantown, West Virginia, for Petitioner. Eugene Scalia, Acting Solicitor of Labor, Donald S. Shire, Associate Solicitor, Christian P. Barber, Counsel for Appellate Litigation, Office of the Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent Director.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Vernon DeLung was awarded black lung benefits by an administrative law judge, and this decision was affirmed by the Benefits Review Board. We now deny the petition for review filed by the employer, Milburn Colliery Company.

### I.

DeLung is a West Virginia resident and a former coal miner. The parties agree that he worked for Milburn Colliery from July 1972 until April 1979 and again from August 1979 to October 1984. He first filed for black lung benefits in September 1992. The District Director in the Office of Workers' Compensation Programs, U.S. Department of Labor, initially found that DeLung was eligible for benefits, and Milburn Colliery contested this finding; after a hearing, an administrative law judge (ALJ) denied benefits in 1995. The Benefits Review Board (Board) upheld this decision. DeLung filed a new claim (the subject of this appeal) in February 1997. Again, the District Director found that he was eligible for benefits, Milburn Colliery disputed the finding, and the case was referred to the Office of Administrative Law Judges for a hearing. In 1998 a different ALJ determined

that DeLung was eligible for benefits. The company appealed to the Board, which remanded for further proceedings on the question of whether DeLung had established the existence of pneumoconiosis. On remand the ALJ again found that DeLung was eligible for benefits, and the Board affirmed. Milburn Colliery then filed a petition for review with us.

## II.

Milburn Colliery challenges the award of benefits on several grounds. The company argues that there is a lack of substantial evidence to support the ALJ's determinations that (1) the x-ray evidence establishes the existence of pneumoconiosis; (2) the opinion evidence from the doctors establishes the existence of pneumoconiosis; (3) the respiratory impairment was totally disabling; and (4) pneumoconiosis was a contributing cause of the disability. Finally, Milburn Colliery claims that the date on which DeLung filed his claim cannot be used as the onset date. "The scope of appellate review for a decision of the Benefits Review Board affirming the ALJ is whether the ALJ's decision is supported by substantial evidence and is in accordance with the law." *Green v. Dir., Office of Workers' Comp. Programs*, 790 F.2d 1118, 1119 (4th Cir. 1986).

## A.

We turn first to the x-ray evidence. There are thirty-seven interpretations of three x-rays of DeLung's lungs. An x-ray reading of 1/0 would be positive for pneumoconiosis, and a 0/0 reading would be negative; according to the regulations, a 0/1 finding "does not constitute evidence of pneumoconiosis." 20 C.F.R. § 718.102(b). Fifteen of the readings were positive for pneumoconiosis; twenty-two were negative. Five of the negative readings, however, were 0/1, instead of 0/0, showing some dust retention in the lungs. Four of the five doctors who read the x-rays as 0/1 confirmed, by checking a box on the x-ray classification form, that they detected parenchymal abnormalities consistent with pneumoconiosis. The ALJ concluded that the five 0/1 readings, which did not constitute evidence of pneumoconiosis, were more consistent with the fifteen positive x-ray readings than they were with the seventeen completely negative readings. The ALJ also concluded that the five 0/1 readings, all by doctors hired by Milburn

Colliery, were an indication that the completely negative readings were wrong. The ALJ then discounted the completely negative readings and relied on the fifteen positive readings to find the existence of pneumoconiosis. The company contends that the ALJ could not rely on the 0/1 readings in any way in the process of concluding that the x-ray evidence established pneumoconiosis.

As the regulation makes clear, the ALJ would have erred if he had concluded that the 0/1 readings themselves demonstrated that DeLung had pneumoconiosis. The ALJ recognized, however, that the 0/1 readings did not "constitute positive evidence of pneumoconiosis." The ALJ used the 0/1 readings to assist him in weighing the reliability of the 1/0 and 0/0 readings. He found the 0/0 readings to be less reliable because even the 0/1 readings showed some dust in the lungs. The Board concluded that this analysis was appropriate, *DeLung v. Milburn Colliery Co.*, BRB No. 02-0124 BLA, at 5 (2002), and we agree.

## B.

Milburn Colliery also argues that the opinion evidence from the doctors is insufficient to establish the existence of pneumoconiosis and that the evidence is insufficient to establish either a totally disabling respiratory impairment or causation. The Board concluded that there is substantial evidence in the record to support the ALJ's findings in favor of DeLung on each of these issues. Again, we agree with the Board's reasoning. *DeLung v. Milburn Colliery Co.*, BRB No. 99-0158 BLA, at 8-10 (2000); *DeLung*, BRB No. 02-0124, BLA at 5-8.

## C.

Finally, Milburn Colliery argues that the ALJ erred in adopting the date DeLung's claim was filed as the onset date of his pneumoconiosis. In using the filing date, the ALJ relied on 20 C.F.R. § 725.503(b), which provides that where the evidence does not establish the month of the onset of the claimant's disability, benefits are payable beginning with the month the claim was filed. The company argues that this regulation is invalid under 5 U.S.C. § 556(d), a provision of the Administrative Procedure Act (APA). Section 556(d) provides that the party seeking an award has the burden of proof. The company claims that the regulation violates § 556(d) by shifting the burden of

proof to the employer to prove when the claimant becomes eligible for benefits.

The APA applies to the Black Lung Benefits Act, 30 U.S.C. §§ 901-45, through a somewhat circuitous route. The Black Lung Benefits Act incorporates, among other things, part of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-50. 30 U.S.C. § 932(a). Section 919(d) of the Longshore Act states that hearings are to be consistent with the APA. 33 U.S.C. § 919(d). It thus appears at first blush that the APA's burden of proof provision fully applies to black lung claims. However, the Longshore Act (and therefore the APA) applies to the Black Lung Benefits Act "except as otherwise provided . . . by regulations of the Secretary." 30 U.S.C. § 932(a). Here, there is a regulation that explicitly provides otherwise. *See* 20 C.F.R. § 725.503(b); *see also Amax Coal Co. v. Dir., Office of Workers' Comp. Programs*, 312 F.3d 882, 893 (7th Cir. 2002); *accord*, *Green*, 790 F.2d at 1119 n.4 (applying the onset date presumption). Because regulations of the Secretary allow the ALJ to adopt the date of filing as the onset date when a more accurate date cannot be determined, there is no conflict with the APA. Accordingly, the ALJ here did not err in ordering benefits to commence as of the month the claim was filed.

### III.

Because there was no error in the Board's determination that the ALJ's findings were supported by substantial evidence and no error in the ALJ's use of the date of filing as the onset date, we deny the petition for review.

*PETITION DENIED*